## GODBOLD vs. ROBERTS, ADM'R.

1. Assumpsit does not lie against an administrator *de bonis non* in his representative character, to recover money received by him from the administrator in chief, arising from the sale of property belonging to the estate which was exempt from sale.

2. A declaration, which unites a count against the defendant as administrator *de bonis non* with a count against him individually, is demurrable for misjoinder of counts; and the objection may be taken on general demurrer to the whole declaration.

ERROR to the Circuit Court of Monroe.

Tried before the Hon. John Bragg.

This was an action of assumpsit by the plaintiff in error against the defendant, as administrator *de bonis non* of William Godbold, deceased, to recover the value of certain property which had been sold by the administrators in chief, and which the declaration alleges was by law exempt from sale. The declaration contains a special count, and the common counts for money had and received, &c. The special count sets forth the sale of the property by the administrators in chief, and the receipt of the money, "whereby they became indebted to the said plaintiff in the sum of $600; and being so indebted, as administrators as aforesaid, they were removed from the administration of said estate, the said estate being declared insolvent, and the defendant was duly elected administrator of said estate, as an insolvent estate, by the creditors thereof, and thereby the said defendant, as administrator *de bonis non* of said estate, became indebted to the said plaintiff in the said sum of $600; and being so indebted, the said defendant, as administrator as aforesaid, promised to pay," &c.

The common counts allege an indebtedness from the defendant, " as administrator as aforesaid," for money had and received by him " as administrator as aforesaid," &c.

The defendant demurred to the declaration " because the action is assumpsit to recover of defendant, as administrator *de bonis non*, for the tort of the administrator in chief," and this demurrer was sustained.

S. J. CUMMING, for plaintiff in error:

1. Where goods are wrongfully taken and sold by a party, the tort may be waived, and assumpsit maintained for money had and received. Neat v. Harding, 4 Eng. L. & E. Rep. 494; Upchurch v. Nosworthy, 15 Ala. 705; Crow v. Boyd's Adm'r. 17 Ala. 51; Ib. 734.

2. The administrators in chief were liable, because the moneys sued for arose from the sale of the effects left by the intestate, in the regular course of administration. 7 Ala. 468; Howard's Adm'r. v. Powers, 6 Ohio, 92. If the action would lie against the administrators in chief, it will now lie against the administrator *de bonis non.* Acts of 1846, p. 14.

3. The demurrer to the whole declaration cannot be sustained. Hooks v. Smith, 18 Ala. 338.

R. C. TORREY, *contra :*

The demurrer to the declaration was rightfully sustained:

1. If it is to be considered as applying to the first count only, it will be sustained, because the defendant is sued in his representative capacity, when from the nature of the claim it is clear, that the action could be brought against him only in his individual capacity. Burdine v. Roper, 7 Ala. Rep. 466.

It does not allege that the funds received by the administrator in chief were ever received by Roberts, and there can be no privity between Roberts and the plaintiff. Granting that she could waive the tort, and sue the administrators in chief in assumpsit, (Upchurch v. Nosworthy, 15 Ala. 705,) yet she shows no legal right as against Roberts. Westmoreland v. Davis, 1 Ala. 299. She can claim nothing from Roberts, unless she can trace the particular sum into his hands. Such a sum would not be assets in his hands, hence the action will not lie against him in his representative capacity.

If, waiving the tort, she could sue the administrators in chief in assumpsit, quere : could she bring the same action against Roberts, even if it had been alleged that the administrators in chief had turned over all the effects of the estate to him ?

Again: it is evident that the proceeds of the sale of the exempted articles are so mingled up with the assets of the es-

tate, that the aid of a court of equity must be invoked for the purposes of discovery and account.

2. If the demurrer is to be considered as applicable to the whole declaration, it will be sustained as to the second and third counts, for two reasons. First, it is alleged that the defendant is administrator *de bonis non* of an *insolvent* estate, and he is sued in that capacity. It is too well settled to require comment, that the administrator of an insolvent estate cannot be sued as such. Formerly, all suits against an administrator would abate upon a declaration of insolvency. Now, suits pending at the time of the declaration, may continue to a judgment, which will be certified to the Probate Court.

But all such suits must have been upon causes of actions existing at the death of the testator or intestate; for, secondly, it is also well settled that the administrator cannot, by his act or contract, bind the estate. On claims and demands arising from his acts, he must be sued individually. Hence, the second and third counts are defective, because it is not alleged that the claims arose from the act of the intestate.

If the plaintiff has a money demand against the administrator as such, she must seek her redress through the Probate Court, like other creditors or distributees. If the claim had its origin since the death of the intestate, and by the act of the administrator, he can be sued at law only in his individual character.

CHILTON, J.—The defendant in error, even conceding that the money sought to be recovered had been received by him from the administrator in chief, would not be liable, *as administrator*, to respond to the plaintiff.

The case of Burdine v. Roper, 7 Ala. Rep. 466, is directly in point, to show that this action cannot be maintained against the defendant in his representative character. If the administrator in chief, or the defendant as administrator *de bonis non*, had actually executed a note *as such representative*, for the payment to the plaintiff of the money here sought to be recovered, it is well settled that no judgment could be recovered upon it at law, to be levied *de bonis intestatis*, but the administrator would be personally liable; see Williams v. Hinkle, 15 Ala. Rep. 719, and cases there cited; 2 Wms.

Exrs. 1089. If, then, the administrator could not have created by an express promise a legal liability against the estate, it is difficult to conceive upon what principle the law would raise an *implied* promise to bind it, growing out of his tortious act in selling property which the statute reserves from sale.

The first count being against the administrator *de bonis non*, in his representative character, is clearly bad, and if the succeeding counts may be regarded as against him individually, this would make the whole declaration demurrable for misjoinder of counts, and it is settled that such objection is reached by general demurrer to the whole declaration. If, however, the common counts, like the special count, be considered as charging the defendant in his representative, and not in his individual character, then they are obnoxious to the objection taken to the first count.

We deem it unnecessary to notice the other questions raised respecting the right of the plaintiff to sue. The view we have taken is decisive of the case, and shows that the demurrer to the declaration was properly sustained. See Anderson v. Rice, at this term.

Judgment affirmed.