[Daily's Adm'r v. Daily.]

# Daily's Adm'r *v.* Daily.

*Action on Account, by Widow against Husband's Administrator.*

1. *Proof of transaction with decedent, in action against administrator.*—In an action by or against an executor or administrator, neither *party* is allowed to testify against the other, "as to any transaction with, or statement by the deceased, whose estate is interested in the result of the suit" (Code, §3058); but a witness who is neither a party to the record, nor beneficially interested in the result of the suit, is not prohibited from testifying to such transaction or statement.

2. *Contracts and torts of administrator.*—The contracts and torts of an administrator impose no liability upon the estate of the intestate; hence, in an action against an administrator in his representative capacity, a recovery can not be had on a contract made by him for the benefit of the estate, nor for the conversion of personal chattels claimed and sold by him as assets.

APPEAL from the Circuit Court of Blount.

Tried before the HON. LOUIS WYETH.

This action was brought by Lucinda Daily against George J. Daily, as the administrator of the estate of George Daily, deceased; and was commenced before a justice of the peace, on the 16th March, 1878. In the justice's court, the plaintiff filed a complaint, claiming $57.75, alleged to be "due by account on the 27th November, 1876, with interest thereon"; and the justice's docket states that the complaint was amended, but does not show what the amendment was; nor does the record show what complaint, if any, was filed in the Circuit Court, to which the case was removed by appeal on the part of the defendant. In the Circuit Court, the defendant pleaded the general issue, payment, and set-off; and issue was joined on these pleas. "On the trial," as the bill of exceptions states, "the plaintiff introduced one Neely Daily as a witness, who testified, that plaintiff and said George Daily, deceased, were married in said county, in 1870, or 1871; and that he, said witness, at and before said marriage, was indebted to said plaintiff in the sum of $15.50, which sum he paid to said George Daily after his said marriage, and before his death. The defendant objected to said witness testifying to said payment, and moved the court to exclude the same from the jury, on the ground that said witness was not competent to testify thereto under section 3058 of the Code. The court overruled said objection and motion, and permitted said witness to testify to said payment; to which ruling and action of the court the defendant duly excepted."

VOL. LXVI.

" During the further progress of the trial, the plaintiff introduced evidence tending to show that, before and at the time of said marriage, she owned certain hogs, which went into the possession of said decedent after said marriage, and the increase of which, to the number of thirteen, were taken possession of by the defendant after he became administrator of said decedent's estate, and were sold by him, in November, 1876, under orders of the Probate Court of said county, as the property of said estate ; at which sale, plaintiff herself bought five of said hogs, for $11.25, and one Taylor bought eight, for $10.80. The plaintiff made no claim to said hogs on the day of sale, nor any objection thereto at the sale ; but she testified, that she claimed the hogs before the sale day, and notified the defendant of her claim prior thereto ; which claim and notice the defendant denied. On the evidence above stated, the plaintiff sought to recover of the defendant, in this action, among other items, the said sum of $10.80 as the value of said eight hogs sold by him to said Taylor as above stated. The defendant objected to said evidence, because the same was illegal and irrelevant, and tended to show, if anything, a liability against him individually, and not as administrator of said estate ; but the court overruled his said objections, and the defendant excepted.

" The plaintiff introduced, also, during the further progress of the trial, evidence tending to show that, in the spring of 1876, after the defendant's appointment as administrator, she fed twenty-five bushels of her own corn, worth fifty cents per bushel, to certain stock belonging to said estate, at the request of the defendant ; that, at the time said request was made, there was corn on the place where plaintiff lived, and where the decedent had lived, belonging to said estate, in a separate crib from that containing the corn belonging to plaintiff ; that the defendant requested her, in general terms, to feed the hogs and a filly, claimed by him as administrator, without specifying what corn to use in so feeding them, except as above stated. Under this request, plaintiff fed twenty-five bushels of her own corn to said stock ; and she asked a recovery therefor in this action, as one item of her account sued on. The defendant objected to all the evidence relating to said item, as above stated, because the same was illegal and irrelevant, and because it tended to show, if any thing, a liability against him individually, and not as administrator ; which objections the court overruled, and the defendant excepted." The court permitted the plaintiff also to adduce evidence, against the objection of the defendant, showing that the defendant did not own more property, real and personal, than was exempt to him under constitutional and statuto-

ry provisions; and an exception was reserved by the defendant to the admission of this evidence.

" On the foregoing evidence in substance, and without more, the court charged the jury, among other things, that if they believed, from the evidence, that the defendant requested the plaintiff to feed the stock belonging to the estate, and did not specify that this was to be done out of the corn belonging to the estate; and, on this request, plaintiff fed to said stock twenty-five bushels of her own corn; then plaintiff is entitled to recover the value of the corn so fed away." The defendant excepted to this charge, and requested the court, in writing, to instruct the jury, " that the plaintiff is not entitled to recover, in this action, for the value of the hogs sold to Taylor, nor for the corn fed to the stock belonging to the estate, as shown by the evidence." The court refused this charge, and the defendant excepted to its refusal.

The several rulings of the court on the evidence to which exceptions were reserved, as above stated, the charge given, and the refusal of the charge asked, are now assigned as error.

HAMILL & DICKINSON, for appellant.

STONE, J.—There is nothing in the objection that Neely Daily was incompetent to testify as a witness in this case. He was not a party to the suit. In fact, he had no interest in the result of the suit, as that phrase is understood in the law. The statute, in its letter, is confined to *parties* to the suit. "Neither *party* shall be allowed to testify against the other, as to any transaction with, or statement by any deceased person, whose estate is interested in the result of such suit." Code of 1876, § 3058. There is a clause in the statute, making a further exception to the general rule allowing parties to be witnesses for themselves, but it exerts no influence in this case. The exception to the rule of competency is limited to parties to the suit. We have so interpreted this language as to make it embrace beneficiaries, directly interested in the result of the suit, although not named on the record; but we have gone no farther.—*Ala. Gold Life Ins. Co. v. Sledge*, 62 Ala. 566; *McCreary v. Rash*, 60 Ala. 374; *Tisdale v. Maxwell*, 58 Ala. 40.

The remaining exceptions present questions of kindred character. The suit is against George J. Daily, in his representative capacity—an attempt to charge, not him personally, but the estate of his intestate in his hands. One item was for corn fed to the stock of the estate, at the request of the administrator, made after his appointment. Such agreement

is but the personal contract of the administrator, and is no charge on the estate, when demanded by the creditor. The administrator can pay such debt, when rightly incurred, and can obtain therefor, in his settlement, a credit for such proper disbursement.—*Henderson v. Simmons*, 33 Ala. 291; *Greening v. Sheffield*, Minor, 276; *McEldery v. McKenzie*, 2 Por. 33; *Kirkman v. Benham*, 28 Ala. 501. The other item of the claim is for an alleged conversion by the administrator of personal chattels belonging to the plaintiff. Such claim against an administrator in his representative capacity presents a solecism. If the chattels converted were the property of the plaintiff, then the appointment of the administrator gave him no authority over them. He was only authorized to possess himself of the goods, which were of the estate of his intestate. Such conversion would be the personal tort of the administrator, and he alone, and personally, would be responsible for such conversion. If the chattels belonged to the estate of the intestate, then neither the plaintiff nor any one else could maintain an action for their value.—*Burdine v. Roper*, 7 Ala. 466; *Godbold v. Roberts*, 20 Ala. 354; *Shorter v. Urquhart*, 28 Ala. 360.

The act of April 8th, 1873 (Code of 1876, § 3747), exerts no influence in this case. Neither of the items claimed is for labor or services rendered the trust estate.

Reversed and remanded.