# Alabama State Bank *v.* Glass.

*Bill in Equity for Attachment, Injunction, and Receiver.*

1. *Suits against administrator; statutory inhibition for six months after grant of letters.*—The statutory provision inhibiting the institution of a suit against an executor or administrator within six months after the grant of his letters (Code, § 2614), applies alike to actions at law and suits in chancery, but is limited to suits against him ''as such''—that is, suits which seek to fasten a liability on the estate or property of the deceased; and it does not apply to a bill in equity by a creditor, seeking to reach and subject, by equitable attachment, a stock of goods fraudulently purchased and transferred by his debtor, who carried on business in the name of the deceased, the latter having no interest in it.

APPEAL from the City Court of Birmingham, in equity.

Heard before the Hon. H. A. SHARPE.

The original bill in this case was filed on the 27th July, 1885, by the Alabama State Bank, a corporation organized under the general statutes, and doing business in Birmingham, against J. M. Glass, L. K. Schwartz, and Ed. Olmstead; and prayed an equitable attachment, an injunction, and the appointment of a receiver, to take charge of a stock of goods, which, as the bill alleged, said Glass had bought in the name of Schwartz, in whose name he carried on a mercantile business in Birmingham, contracting debts in his name with plaintiff and others, and which he had fraudulently sold or transferred to said Olmstead, after having removed some of them beyond the limits of the State. The bill alleged that Glass and Schwartz each was insolvent; that Glass was the real party in interest in the business carried on in the name of Schwartz, though the legal title to the goods purchased was in the name of Schwartz; that the debts were contracted by Glass in the name of Schwartz, and the notes held by complainant were signed by Glass in the name of Schwartz; that Olmstead had knowledge of the facts, and paid only about half value for the goods; that Schwartz had left the State, and Glass had also absconded, but had been arrested on a criminal charge, and brought back. An

amended bill was afterwards filed, which alleged that Schwartz was in fact dead when the original bill was filed, and that letters of administration on his estate had been granted to W. J. Bass ; and prayed that said Bass, as administrator, might be made a defendant to the suit. Bass filed a plea to the amended bill, in the nature of a plea in abatement, alleging that letters of administration on the estate of Schwartz were granted to him on the 10th September, 1885, and that he was made a party to this suit on the 27th October, 1885, in violation of the statutory provision forbidding the commencement of a suit against an administrator within six months after the grant of letters to him. The court sustained this plea, overruled a demurrer to it, and dismissed the bill ; and this decree is now assigned as error.

WEBB & TILLMAN, BRICKELL, SEMPLE & GUNTER, and LANE & TALIAFERRO, for the appellants.—The statute invoked by the plea (Code, § 2614), if applicable at all to suits in equity, only relates to suits in which a decree is sought against the administrator, which would bind the assets of the estate in his hands.—*Sims v. Canfield*, 2 Ala. 562 ; 2 Strobh. Eq. 85 ; 6 Geo. 299. This was the construction placed on the former statute, and the re-enactment of the statute is a legislative adoption of that construction.—*Duramus v. Harrison*, 26 Ala. 336 ; *Railroad Co. v. Bayliss*, 74 Ala. 150. The possession of personal property by an administrator, which belongs to another person, is his individual tort, and the estate is not liable for it ; nor can he be sued for it, except personally.—*Sims v. Boynton*, 32 Ala. 353; *George v. English*, 30 Ala. 582 ; *Locke v. Palmer*, 26 Ala. 324.

HEWITT, WALKER & PORTER and SMITH & LOWE, *contra*, cited Code, § 2614; *Espy v. Comer*, 76 Ala. 501; *Wilkins v. Wilkins*, 4 Porter, 245 ; *Erwin v. Ferguson*, 5 Ala. 158.

STONE, C. J.—The determination of this case depends on the proper construction of section 2614 of the Code of 1876. That section reads as follows : "No suit must be commenced against an executor or administrator, as such, until six months, and no judgment rendered against him, as such, until eighteen months after the grant of letters testamentary, or of administration." This section is found in chapter 12, title 4, of the Code, and has the heading, "*General provisions as to executors and administrators.*" Some of the provisions of the chapter relate to common-law courts proper, some to Probate Courts, some to Chancery Courts,

and, as it seems to us, some are applicable alike to each of these tribunals. We think we carry out the intention of the legislature by holding, as we do, that the section copied above applies alike to common-law and chancery courts.

It is not, however, every suit against an executor or administrator which falls within this statutory prohibition. To fall within its provisions, it must be against the personal representative *as such.* By this we understand, not only that the suit must be against the representative in his representative capacity, but that it must seek to fasten or establish a liability upon or against property of the decedent. Hence, when an outside party claims adversely to the right or title of such decedent, although the personal representative asserts claim alone in his representative capacity, the suit is not strictly against him *as such* personal representative. The tort is his own personal tort, if the decedent had no title; and whether sued as an individual, or in his representative capacity, the statute copied above does not bear on the case.—*Sims v. Canfield,* 2 Ala. 555; *Locke v. Palmer,* 26 Ala. 312; *Andrews v. Huckabee,* 30 Ala. 143, 151; *Burdine v. Roper,* 7 Ala. 466; *Godbold v. Roberts,* 20 Ala. 354.

The present case went off in the court below on the pleadings alone. The averments of the bill, which, for this service, must be treated as true, show that Schwartz was a mere man of straw, the instrument of Glass; that he never in fact owned, or set up any claim to the merchandise; that he never exercised any control over the business; and that the entire adventure was Glass', who only borrowed, and did business in, the name of Schwartz, to enable him, Glass, to hide the property from the pursuit of his creditors. If this be so, although Schwartz, by lending the use of his name, made himself debtor for the debts so contracted; yet, as to creditors deceived thereby, Glass became an original debtor, and the merchandise became his for the payment of such debts. A pretended title in one, assumed fraudulently for the purpose of hiding the property of another, is a mere cobweb, which a court of chancery delights to sweep from the pathway of an honest creditor pursuing his rights. On the averments of the bill, the debt was Glass' debt, and the property his, so far as the claims of creditors are concerned; and section 2614 of the Code has nothing to do with the case.

A paragraph of the opinion in *Espy v. Comer,* 76 Ala. 501-6, doubtless misled the chancellor, and is probably not sufficiently guarded. That was a bill seeking relief and collection of a debt, due from Hart, the decedent. The establishment of a debt against his estate was the fundamental

fact in the case. We said, "The personal representative of Hart was a necessary party." If we had said, "The personal representative of Hart, whose debt the bill seeks to collect, was a necessary party," we would have stated the simple facts, and would have avoided misconstruction.

The plea, as filed, was an insufficient answer to the bill as framed, and the demurrer to it ought. to have been sustained.

Reversed and remanded.