[Woods v. Legg.]

# Woods *v.* Legg.

*Bill in Equity by Administrator, to compel Settlement of Accounts of Deceased Administrator.*

1. *Settlement of accounts of deceased administrator.*—The Probate Court having no jurisdiction to render a decree against the surety of an administrator who died without having made a final settlement of his administration, the administrator *de bonis non* may file a bill in equity against the personal representative of the deceased administrator, and the sureties on his official bond, to compel a final settlement of his accounts.

2. *Private sale of lands by administrator; election to ratify.*—If an administrator sells lands at private sale, or without authority, the heirs may elect to recover the lands, or to charge him with the proceeds of sale; but this election can not be made by a court of equity, under a bill filed by the administrator *de bonis non*, to compel a settlement of the deceased administrator's accounts.

APPEAL from the Chancery Court of Fayette.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 5th November, 1887, by Gustavus Legg, as administrator *de bonis non* of the estate of John W. Towns, deceased, against R. W. Woods and M. F. Rice, as administrators of the estate of Sampson Darden, deceased, who was the administrator in chief of said Towns, said Rice being also one of the sureties on his administration bond; and sought to compel a settlement of said Darden's administration on the estate of said Towns, and to charge said administrators with the amount of a decree which had been rendered against said Darden on a partial settlement made by him, as also to charge Rice, as surety on the administration bond, with the proceeds of sale of certain lands, which Darden had sold after the rendition of said partial decree. The parties interested in each of said estates were also brought in as defendants. A demurrer to the bill was interposed by Woods and Rice, which was overruled. On final hearing, on pleadings and proof, the chancellor rendered a decree, assuming jurisdiction of Darden's administration, and holding him liable for the proceeds of the sale of the lands as assets. The defendants appeal, and assign each decree as error.

MARTIN & MCEACHIN, for appellants.

MCGUIRE & COLLIER, *contra.*

[Woods v. Legg.]

COLEMAN, J.—The Probate Court is without jurisdiction to render a decree against the surety of a deceased administrator in chief, and the administrator *de bonis non*, in such case, may resort to a court of equity, in the first instance, against the personal representative of the deceased administrator in chief, and his sureties as such, and compel a final settlement of his administration.—*Martin v. Ellerbee*, 70 Ala. 340; *Stallworth v. Farnham*, 64 Ala. 259; *Glenn v. Billingslea*, 64 Ala. 351. The demurrer to the bill as a whole was properly overruled.

The important question in the case is, the right of an administrator *de bonis non* to elect to charge the administrator in chief with the proceeds of the land of his intestate's estate, sold by him at private sale, and whether a court of equity, *ex mero motu*, can elect to ratify such illegal sales of land, and thereby convert the proceeds thereof into assets of the estate of decedent. The bill alleges, and it is admitted, there are no debts due and owing from the estate, and nothing remains but to distribute whatever may be recovered from the administrator in chief on a final settlement of his administration.

Under our statute, as at common law, the title to lands, on the death of the ancestor, descends immediately to the heir, or next of kin; but the descent may be intercepted, and the possession claimed and held by the personal reprsentative, for the purposes of administration.—*Nelson v. Murphee*, 69 Ala. 603. To suspend or destroy the heir's right to the possession of the inheritance, the personal representative must actually take possession, or must assert his right, and follow it with the means necessary to that end. In the absence of action, effective action, the heir succeeds to the inheritance, with all its common-law incidents.—*Calhoun v. Fletcher*, 63 Ala. 580, 581, and authorities.

A sale made by an administrator, not in substantial compliance with the statute, is *coram non judice*, and void; and the heirs may sue and recover in ejectment.—*Robertson v. Bradford*, 70 Ala. 387, and authorities. Such a sale does not create a cloud on the title.— *Wilburn v. McCalley*, 63 Ala. 445. The right of an administrator to maintain ejectment for land, and recover rents, is the result of statutory law, and rests upon the liability of lands to be applied in satisfaction of the debts of the decedent. If the lands of a decedent are not necessary for the payment of debts of the ancestor, the heir can sell and convey an absolute title, and the title does not depend upon the election or ratification of the administrator. The title thus conveyed can be devested only by the administrator proceeding under the statute, in substantial compliance with its provisions.

[Woods v. Legg.]

The same principle would not apply to sales of personal property by the heir, because, in cases of personalty, the legal title descends to the personal representative. "At common law, the administrator had the unqualified legal title to all personal assets, and its incident, the power to sell;" but, under our statute law, a sale of personal property by an administrator, except as authorized by the statute, does not convey the legal title.—*Lawson v. Lay*, 24 Ala. 187; *Smith v. Snodgrass*, 17 Ala. 653; *Kavanagh v. Thompson*, 16 Ala. 818.

The administrator who makes a sale of personal property upon his own authority, would not be allowed to avoid the sale, because, being personal property, it was assets in his hands, to which he had the legal title, and he and his sureties would be liable for the proceeds, or for a *devastavit.—Hopper v. Steele*, 18 Ala. 836; 17 Ala. 653; 16 Ala. 818, *supra.* But this principle does not apply to unauthorized sales of land by an administrator, for the obvious reason, that the title of the lands does not vest in him, and lands are not assets *per se* in his hands for administration. They become so when necessary to pay debts, and the right is asserted by proper action on the part of the administrator.

Proceeds of land sold in accordance with the statute, are assets of the estate; but the proceeds of a void sale of land by an administrator are not assets of the estate, and neither he nor his sureties are liable for such to the administrator *de bonis non.—Pettit v. Pettit*, 32 Ala. 289.

The liability of a surety of an administrator is a matter of contract, and it can not be extended by the election of an administrator *de bonis non*, or the decree of the court, or by any act of the administrator himself, without and beyond the conditions of the bond.—*Perkins v. Lewis*, 41 Ala. 664.

The fact that the heirs have received in part the purchase-money of the illegal sales, and might be held estopped, if, without restitution, they attempted to avoid the sales as against the purchasers, has no application. The cases referred to; *Robertson v. Bradford*, 73 Ala. 116; *Sloan v. Frothingham*, 72 Ala. 605; *Davis v. Swanson*, 54 Ala. 277; *Baines v. Barnes*, 64 Ala. 375, and others, involved entirely different questions. Here, there are no fiduciary relations, as in some of those cases; no one is attempting to avoid the sales. The lands are not needed to pay debts, and the evident purpose is to have the proceeds of lands, sold without authority, if sold by Darden in his capacity as administrator, declared to be assets of the estate, in order to reach and hold liable a surety of the administrator. This can not be done. These conclusions are

33

[Hissong v. Richmond & Danville Railroad Co.]

not in conflict with the decision in the case of *Bland v. Bowie*, 53 Ala. 161.

Furthermore, the proof shows that Darden, the administrator, did not undertake to sell the lands in his official capacity as administrator, but under what he deemed a sufficient power of attorney from the heirs. His bonds for title, and deeds to the lands sold, and letter to the heirs, all tend to show he acted in the matter of the sale of the land, as their agent and attorney, and not as administrator.

The cause must be reversed and remanded, that the settlement may proceed in accordance with the principles of law as herein declared.

Reversed and remanded.