[Campbell v. American Bonding Co., of Baltimore.]

# Campbell *v.* American Bonding Co., of Baltimore.

## *Assumpsit.*

(Decided April 13, 1911.   55 South. 306.)

1. *Executors and Administrators; Liability on Bond; Acts Covered By.*—The liability of a surety on the bond of an administrator extends only to the liability of the principal in his representative capacity.

2. *Same; Individual or Representative Acts.*—Whether an administrator is liable in his representative or individual capacity depends upon whether liability may be fastened upon the property of his decedent; the liability of the administrator in his representative capacity being limited to the assets of the estate of his decedent.

3. *Same; Promise of Administrator.*—In matters in which the administrator could not expressly bind the estate of his intestate, no implied promise in law can be raised against the estate because of the action of the administrator with respect to those matters.

4. *Same; Liability on Bond.*—Where an administrator foreclosed a mortgage and recovered certain money as assets of the estate of his intestate, and the decree of foreclosure was reversed and it was conclusively determined that the money received was not a part of the assets of the estate, a surety company on the bond of the administrator is not liable for his disposition of the money so recovered, since the money could not have been held in his representative capacity as it was no part of the estate.

5. *Appeal and Error; Reversal; Effect.*—The reversal of a decree has the effect to wholly annul the decree.

APPEAL from Madison Law and Equity Court.

Heard before Hon. TANCRED BETTS.

Action by Jennie L. Campbell against James Hughes and the American Bonding Co., of Baltimore, Md., as surety for James Hughes as administrator of the estate of John Hughes, deceased.   Judgment for defendant, and plaintiff appeals.   Affirmed.

It appears that James Hughes foreclosed a mortgage which he alleged belonged to the estate of his decedent and recovered thereon the sum of five thousand dollars.

[Campbell v. American Bonding Co., of Baltimore.]

The decree of foreclosure was appealed from by the present plaintiff, and the decree of foreclosure was reversed and annulled. It was also determined that the mortgage did not belong to the estate of his decedent. James Hughes having declined to pay back the money thus received, this suit is brought to recover the same.

COOPER & COOPER, for appellant. The court improperly sustained the demurrers to the complaint.—*De-Valleng v. Duffie*, 14 Peters, 282; *Conger v. Atwood*, 22 Am. Rep. 362; *Wall v. Kellogg*, 16 N. Y. 385; 34 S. E. 444; *Simpson v. Snyder*, 54 Iowa, 557; *Howard v. Powers*, 6 Ohio, 92; 18 Cyc. 880; *Brewer v. Strong*, 10 Ala. 961; *Easely v. Boyd*, 12 Ala. 685; 86 S. W. 367; 62 S. W. 956.

WALKER & SPRAGINS, for appellee. Under the facts in this case the liability is individual and not representative.—*Burdine v. Roper*, 7 Ala. 466; *Weeks v. Love*, 19 Ala. 25; *Godbold v. Roberts*, 20 Ala. 354. This action cannot therefore be maintained against the administrator in his representative capacity and consequently cannot be maintained against his sureties.—*Daily v. Daily*, 56 Ala. 266; *Spotswood v. Bentley*, 132 Ala. 266.

McCLELLAN, J.—Assumpsit, as for money had and received, against a surety on an administrator's bond.

The liability of the surety sued must, of course, depend upon the liability of the principal, the personal representative *as such*. If the liability of the administrator is individual, personal, the surety cannot be held, for his assurance is for the faithful performance of the administrator's duties in his representative capacity alone.

A test of representative or individual liability is whether the judgment, the suit against the administra-

tor as such would invite, would "fasten or establish a liability upon or against property of the decedent."— *Ala. State Bank v. Glass,* 82 Ala. 278, 2 South. 641; *Burdine v. Roper,* 7 Ala. 466; *Weeks v. Love,* 19 Ala. 25; *Godbold v. Roberts,* 20 Ala. 354.

Again, the accountability of the administrator in his representative capacity is limited to *assets* of the estate of his decedent.—*Spotswood v. Bentley,* 132 Ala. 266, 31 South. 445; *Daily v. Daily,* 66 Ala. 266.

No promise implied by law can be raised against the estate of a decedent in consequence of the personal representative's engagements or acts in respect of matters he could not, as such administrator, expressly bind the estate of his intestate.—*Godbold v. Roberts, supra.*

The money sought to be here recovered of the *surety* came into the hands of the administrator by virtue of a decree of the Madison chancery court, foreclosing a mortgage, which decree was afterwards reversed in this court.—See *Campbell v. Hughes,* 155 Ala. 591, 47 South. 45. That reversal wholly annulled the decree assailed.—*Marks v. Cowles,* 61 Ala. 299.

It also conclusively established the fact that the money now sought to be recovered *was not assets* of the estate of John Hughes, deceased.—*Burdine v. Roper, supra.*

It follows from these established principles that the liability plaintiff would here assert is against the administrator in his individual capacity, and not in his representative capacity. In consequence, the surety sued is not responsible, and the court did not err in its rulings sustaining the demurrer.

Since the long entertained view of this court is as the decisions cited demonstrate, we do not feel at liberty to take account of the opposite conclusion embraced, it

may be, by other tribunals. Those cited will be noted by the reporter.

The judgment must be affirmed.

Affirmed.

SIMPSON, ANDERSON, and MAYFIELD, JJ., concur.