(113 So. 296)

## SIMS et al. v. HIPP. (I Div. 425.)

Supreme Court of Alabama. April 28, 1927.

Rehearing Denied June 23, 1927.

**1. Executors and administrators ⬅➡430—Mortgage owned jointly by decedent and plaintiff held personalty as affects administratrix's liability distributing estate with knowledge of plaintiff's claim.**

Mortgage belonging jointly to decedent and plaintiff, his sister, legal title to which was in decedent, *held* personal property which vested in administratrix as part of estate, so that administratrix distributing estate with knowledge of plaintiff's claim was liable in her capacity as administratrix rather than individually.

**2. Trusts ⬅➡343—Offer to accept less than rightful interest in property held not waiver of right to establish resulting trust.**

That plaintiff having half interest in property, legal title to which was in decedent, agreed to accept less than her full interest *held* not a waiver or relinquishment of her right to establish resulting trust.

Gardner, J., dissenting.

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

Bill in equity by Susan E. Hipp against Mrs. N. A. Sims, individually and as administratrix of the estate of J. T. Sims, deceased, and others, to declare and establish a resulting trust. From a decree for complainant, respondents appeal. Affirmed.

Hybart & Hare, of Monroeville, and Coleman, Coleman, Spain & Stewart, of Birmingham, for appellants.

If the administratrix received any part of the money involved, her receipt thereof was as succeeding trustee and not in her capacity as testatrix. Such funds constituted no part of the testator's assets, and were not held as such. Lathrop v. Bampton, 31 Cal. 17, 89 Am. Dec. 141; Probate Court v. Williams, 30 R. I. 144, 73 A. 382, 19 Ann. Cas. 554. No act of the administratrix with respect to such funds could bind the estate she represents or render her liable in her representative capacity. Campbell v. Amer. Bond Co., 172 Ala. 458, 55 So. 306; Bartlett v. Jenkins, 213 Ala. 512, 105 So. 654; Goodson v. Liles, 209 Ala. 335, 96 So. 262; Spotswood v. Bentley, 132 Ala. 266, 31 So. 445; Burdine v. Roper, 7 Ala. 466; Perkins v. Lewis, 41 Ala. 649, 94 Am. Dec. 616; Proctor v. Scharpff, 80 Ala. 229. The liability of a surety of an administrator is a matter of contract, and cannot be extended beyond the conditions of the bond. Woods v. Legg, 91 Ala. 511, 8 So. 342; Pearson v. Keedy, 6 B. Mon. (Ky.) 128, 43 Am. Dec. 160. Appellee elected to accept the promise of intestate to pay her a sum of money, and hence waived her right to follow the trust in the land into the mortgage security. 29 Cyc. 535.

J. D. Ratcliffe, of Monroeville, for appellee.

The administratrix and surety on her bond are liable; a trust may be enforced against the personal representative of the trustee. 24 C. J. 291, 1064; Pryor v. Davis, 109 Ala. 117, 19 So. 440; 39 Cyc. 526, 531, 533; Pinson v. Gilbert, 57 Ala. 35; Hutchinson v. Nat'l Bank, 145 Ala. 196, 41 So. 143. Appellee, by agreeing to sale of the land and to accept a certain part of the purchase maney, did not waive all her rights and interest in and to the land. Tuscaloosa L. Co. v. Tropical P. & O. Co., 211 Ala. 258, 100 So. 236; Hopkins v. Jordan, 201 Ala. 184, 77 So. 710; 29 Cyc. 1130; 39 Cyc. 1135; Haney v. Legg, 129 Ala. 619, 30 So. 34, 87 Am. St. Rep. 81.

GARDNER, J. Appellee is the sister of J. T. Sims, deceased, and filed this bill against his heirs at law and his widow individually, and as administratrix of the estate, seeking to establish a resulting trust in certain lands in Monroe county, to which deed was executed in the name of said J. T. Sims only.

The suit is based upon the theory that the property was bought by J. T. Sims for complainant and himself jointly, each equally interested and each contributing one-half the purchase money—the deed being taken in the name of J. T. Sims alone, without complainant's knowledge or consent, and discovery of which was not made until a short time before his death.

Complainant and her said brother lived on the premises for a long number of years, occupying separate houses and cultivating separate tracts, until August 20, 1919, when J. T. Sims sold the property to W. S. Bowden, Jr., for a consideration of $8,000, $100 of which

was paid in cash, and for the remainder of $7,900 Bowden executed his mortgage on the property in favor of Sims. In October, 1919, Bowden paid Sims $3,900, of which sum complainant was paid $1,000. The balance remaining due on this mortgage was paid complainant as administratrix of said estate, subsequent to the filing of the bill in this cause.

Upon consideration of the cause for final decree on pleadings and proof, the chancellor found that the case for a resulting trust was sufficiently established by the proof. We recognize the strict requirements of the law in respect to the burden of proof resting upon complainants in cases of this character. Bibb v. Hunter, 79 Ala. 351; Heflin v. Heflin, 208 Ala. 69, 93 So. 719; Allen v. Caylor, 120 Ala. 251, 24 So. 512, 74 Am. St. Rep. 31; Watkins v. Carter, 164 Ala. 456, 51 So. 318; Harton v. Amason, 195 Ala. 594, 71 So. 180; Sanders v. Steele, 124 Ala. 415, 26 So. 882.

The learned chancellor has in his opinion reviewed the salient features of the evidence, and a discussion thereof here would serve no useful purpose. We content ourselves with the statement that, upon due consideration of all the facts and circumstances, we find ourselves in accord with the conclusion of the trial court as to this phase of the case, the establishment by complainant of a resulting trust. The court, however, rendered a decree only against Mrs. Sims as administratrix of the estate of J. T. Sims, deceased, and it is here strenuously insisted that such a decree against her in her capacity as administratrix is erroneous. Though there are authorities to the contrary (note to Probate Court v. Williams, 19 Ann. Cas. 554), and as recognized in Campbell v. Amer. Bonding Co., 172 Ala. 458, 55 So. 306, the rule established in this state is to confine the accountability of the administrator in his representative capacity to assets of the estate of his decedent. Campbell v. Amer. Bonding Co., supra; Spotswood v. Bentley, 132 Ala. 266, 31 So. 445; Burdine v. Roper, 7 Ala. 466; Perkins v. Lewis, 41 Ala. 649, 94 Am. Dec. 616; Jackson v. Wilson, 117 Ala. 432, 23 So. 521; Goodson v. Liles, 209 Ala. 335, 96 So. 262; Daniel v. Baldwin, 148 Ala. 292, 40 So. 421.

In Bartlett v. Jenkins, 213 Ala. 510, 105 So. 654, is found the following excerpt taken from Weeks v. Love, 19 Ala. 27:

"It is too well settled to require the citation of authority, that an administrator cannot by any act of his create a right of action against the estate he represents, however he may subject himself to personal liability."

Counsel for appellee places much stress upon Pryor v. Davis, 109 Ala. 117, 119 So. 440. The point of differentiation of that case and this, however, lies in the fact that in Pryor v. Davis the decedent had in his life commingled the trust funds with his own, thus converting himself into a debtor instead of a trustee. Such is not the situation here

presented. First, J. T. Sims held one-half interest in the property in trust for complainant by deed thereto in his own name, and subsequently held a like interest in trust for her in the mortgage on the lands executed to him alone. The interest was not commingled, but was readily identified in one form as well as in the other. The following language, therefore, from Pryor v. Davis, supra, is here applicable:

"If the funds the intestate received in his relation of trustee had been preserved, distinguishable from his own funds, capable of identification, they would not have passed to the personal representative as assets for administration. His duty in reference to them would have been that of a depositary—the custody and preservation of them in their condition of identification, and the delivery of them on demand of the succeeding trustee or assignee."

It results, therefore, as our conclusion, that complainant's portion of the proceeds of the Bowden mortgage were not assets of the estate of J. T. Sims, deceased, but constituted trust funds wrongfully disposed of by respondent Mrs. N. A. Sims after the filing of this bill in her capacity as an individual, and for which she is individually liable, but not in her capacity as administratrix. Weeks v. Love, supra; Bartlett v. Jenkins, supra. This administratrix, with knowledge of complainant's claim of title to such mortgage, has collected and disposed of funds subsequent to the filing of the bill, and to fix responsibility upon her as administratrix would result in creating a right of action against the estate of decedent and liability upon her bond for personal wrongful conduct as to funds held in trust by decedent, and which, in equity, constituted no part of the assets of said estate. "The liability of a surety of an administrator is a matter of contract, and it cannot be extended * * * by any act of the administrator himself without and beyond the conditions of the bond." Woods v. Legg, 91 Ala. 511, 8 So. 342.

The cases of Campbell v. Amer. Bonding Co., 172 Ala. 458, 55 So. 306, and Bartlett v. Jenkins, supra, are here much in point, and contain reference to our earlier decisions. In the Campbell Case the court, citing the earlier authority of Godbold v. Roberts, 20 Ala. 354, said:

"No promise implied by law can be raised against the estate of a decedent in consequence of the personal representative's engagements or acts in respect of matters he could not, as such administrator, expressly bind the estate of his intestate."

As noted in this case there are authorities to the contrary, but, said the court:

"Since the long entertained view of this court is as the decisions cited demonstrate, we do not feel at liberty to take account of the opposite conclusion embraced, it may be, by other tribunals."

As previously noted, the only decree rendered was one against Mrs. Sims in her administrative capacity. Upon the authorities above noted, the writer is of the opinion the decree in this respect is erroneous and should be here reversed.

[1] The majority of the court, however, entertain a contrary view. They are of the opinion that as the legal title to the mortgage was in decedent, and, therefore, being personal property vested in the administratrix it became assets of said estate, and as such the administratrix collected such funds by virtue of her office and her disbursement thereof renders her liable in her capacity as administratrix. The following from Woods v. Legg, supra, is cited in support of this view:

"The administrator, who makes a sale of personal property upon his own authority, would not be allowed to avoid the sale, because, being personal property, it was assets in his hands, to which he had the legal title, and he and his sureties would be liable for the proceeds, or for a devastavit."

See, also, Nance v. Gray, 143 Ala. 234, 38 So. 916, 5 Ann. Cas. 55.

[2] Nor can the mere fact that complainant verbally agreed with her brother to accept a sum less than her full one-half interest in the proceeds constitute a revocation and a waiver of her right to establish her resulting trust therein. There was, in fact, no valid release or relinquishment of any of her claim, and no discharge from liability under the original contract of purchase. Montgomery Bank & Trust Co. v. Jackson, 190 Ala. 411, 67 So. 235; Armstrong v. Walker, 200 Ala. 364, 76 So. 280.

It results, therefore, that the decree will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE, SOMERVILLE, THOMAS, BOULDIN, and BROWN, JJ., concur.

GARDNER, J., dissents.