(114 So. 194)

## BLAIR v. RICE. (8 Div. 921.)

Supreme Court of Alabama. Oct. 20, 1927.

**1. Executors and administrators ⬤➥430—Action against administrator for conversion of property claimed to belong to estate must be against him individually.**

Conversion of another's property by administrator claiming it to be property of estate is administrator's individual tort, not binding on estate, and action therefor must be against him individually.

**2. Executors and administrators ⬤➥450—In action against administrator as such for conversion of property claimed to belong to estate, evidence showing gift from decedent to plaintiff was properly excluded.**

In action against administrator as such for conversion of property claimed to belong to estate, sustaining objections to proposed evidence tending to show gift either inter vivos or causa mortis from decedent to plaintiff and plaintiff's possession at time of decedent's death was proper.

Appeal from Circuit Court, Lauderdale County; Charles P. Almon, Judge.

Action in trover by John W. Blair against Turner Rice, administrator of the estate of B. F. Williams, deceased. Plaintiff takes a nonsuit, and appeals from adverse rulings on evidence. Affirmed.

Simpson & Simpson, of Florence, for appellant.

In view of the decision, it is not necessary that brief be here set out.

Mitchell & Hughston, of Florence, for appellee.

Trover will not lie against an administrator in his representative capacity for conversion by himself or the decedent whom he represents. 38 Cyc. 2057.

BOULDIN, J. The suit is in trover. Because of adverse rulings on evidence the plaintiff took a nonsuit with bill of exceptions.

It seems unquestioned that the suit is against an administrator as such. The complaint avers, and evidence was offered, that the claim was duly presented against the estate of the decedent.

The proposed evidence to which objection was sustained was intended to show a gift, either inter vivos or causa mortis, from the decedent to the plaintiff, and plaintiff's possession at the time of decedent's death. Its tendency was to show title in the plaintiff at the time of the alleged conversion by the administrator.

[1] Conversion of the property of another by an administrator under claim that it is the property of the estate is the tort of the administrator personally and individually.

He can in no wise bind the estate of the decedent by such act. He is without power so to do. The action must be against him individually and not against him as administrator, a suit against the estate, and running against the assets of the estate. Burdine v. Roper, 7 Ala. 466; Weeks v. Love, 19 Ala. 25; Godbold v. Roberts, 20 Ala. 354; Daily v. Daily, 66 Ala. 266; Lowery v. Daniel, 98 Ala. 451, 13 So. 527; Spotswood v. Bentley, 132 Ala. 266, 31 So. 445; Campbell v. American Bond Co., 172 Ala. 458, 55 So. 306; Bartlett v. Jenkins, 213 Ala. 510, 105 So. 654; Sims v. Hipp, ante, p. 439, 113 So. 296.

[2] There was no error in sustaining objections to the proposed evidence.

Any discussion here touching the competency of such evidence in an action between proper parties would be dictum merely.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.