## In re PERELSTINE.

No. 11702.

District Court, W. D. Pennsylvania.
June 25, 1930.

See also 15 F.(2d) 64; 19 F.(2d) 408.

Frank K. Willmann, of Pittsburgh, Pa., for Royal Indemnity Co.

Lewis M. Alpern and Sidney J. Watts, both of Pittsburgh, Pa., for trustee.

Watson B. Adair, of Pittsburgh, Pa., referee.

SCHOONMAKER, District Judge.

This case comes on certificate to review an order of the referee of April 28, 1930, surcharging Elliott Frederick, former receiver and trustee in this case, with the sum of $3,188.58, and directing him to pay that amount to Robert C. Sproul, successor trustee.

The petition to review this order is filed by the Royal Indemnity Company, surety on the bond of Elliott Frederick both as receiver and trustee. No exception to the order was filed by Frederick himself.

To the following items of the surcharge order, in so far as they affect the liability of the surety company to make good any shortage in Frederick's account arising from a failure on his part to comply with that order, the surety company excepts:

$175, credit for rent erroneously claimed by Frederick.

$1,452.65, commissions once allowed by the referee, but disallowed on discovery of shortage in his accounts.

$349.74, interest on the shortage.

$150, expense for audit of account of Frederick.

On the hearing of the exceptions to these items, the parties agreed in writing that the court should in this case determine the liability of the surety company for these specific items, it being admitted that the surety company was liable for the balance of the items shown in the surcharge order. This is a short way to test the liability of the surety company to pay these disputed items.

We will therefore confirm the order of the referee as to Elliott Frederick's personal liability to pay the full amount decreed by the surcharge order of April 28, 1930, and now proceed to determine whether the surety company, the petitioner for review in this case, is liable on its bond to pay the items excepted to in addition to the items admitted by it.

The bond of Elliott Frederick, as receiver, is dated November 5, 1924, and contains the following condition:

"Now therefore, if the said Elliott Frederick, Receiver as aforesaid, shall obey such orders as said court may make in relation to said trust, and shall faithfully and truly account for all the moneys, assets and effects of the estate, of said bankrupt which shall come into his hands and possession, and shall in all respects perform all his official duties as said receiver, then this obligation to be void; otherwise to remain in full force and virtue."

The bond of Frederick as trustee is dated June 2, 1926, and contains the same condition.

Frederick was ordered to turn to the successor trustee, Robert C. Sproul, the sum of $3,188.58, properly chargeable to Frederick. This he has failed to do. Under the terms of the bond the surety is liable for this whole amount, if these items objected to are properly surchargeable to Frederick.

It is well-established law that a trustee or receiver who is unfaithful to the trust forfeits all right to compensation. In the instant case, Frederick was unfaithful. He had, however, in certain accounts filed, claimed and been allowed certain commissions. This allowance was vacated and set aside by the referee on discovery of Frederick's defalcation, and he was directed in the order excepted to by the surety company to restore these commissions to the estate. This estate had not been closed. The trustee had not been discharged. His accounts were still subject to inspection and audit by the court. Therefore the order directing Frederick to restore these commissions was a perfectly lawful order which, under the facts of this case, the referee had a right to make. The surety, however, contends that this was an individual duty of Frederick, not an official

64

duty, and that therefore the restorations of these commissions do not come within the condition of the bond either as an order in relation to the trust estate or an official duty on the part of Frederick as receiver and trustee.

■ Counsel for the surety company cite, as sustaining this contention, the case of Campbell v. American Bonding Co., 172 Ala. 458, 55 So. 306, holding that money that came into the hands of an administrator through the decree of a court in a mortgage foreclosure suit which was afterwards set aside, could not be recovered from the surety on the administrator's bond, because the money came into the administrator's hands in his individual capacity, and not in his representative capacity. If that is good law, it does not apply to the facts of this case, because the commissions now surcharged to Frederick came to him in his official capacity; and he forfeited his right thereto by embezzlement. As an incident to that embezzlement he is not entitled to any commissions. His failure to restore them when ordered is a breach of his official duties under the conditions of his bond.

■ Next we turn to the item of $175 rent paid to Anna Rose. This expenditure was not supported by any voucher. The account showed other payments to her which the referee found covered the payment of all rent for which the estate was liable. We therefore conclude that this claim of payment on the part of Frederick was a mere attempt partially to cover his shortage in this estate, and that the surety company is liable for this amount.

■■ We next come to the charge of interest against Frederick. Is the surety company liable for that? There is no doubt about Frederick's liability to pay interest, but a surety company is chargeable with interest only when it has failed to make good after the defalcation has been called to its attention. It seems to be conceded that this date was the time that Elliott Frederick was cited for contempt of court. From that date we hold the surety company chargeable with interest.

■ As to the expense of $150 for audit of the account of Frederick, that amount was expended as a result of the failure of Frederick faithfully to perform his official duties, and therefore within the letter of the bond. Matter of K. Kajita, 13 A. B. R. 19, 2 U. S. D. C. Hawaii.

Let a decree be submitted fixing the liability of the surety company to pay the items excepted to, in addition to its admitted liability on the bond, with interest, however, on the amount of the original defalcation only from the date of the Frederick contempt proceedings.