162 So. 666
**FIDELITY & DEPOSIT CO. OF MARYLAND v. WILKINSON et al.**

**WRIGHT v. FIDELITY & DEPOSIT CO. OF MARYLAND et al.**

**6 Div. 740, 740–A.**

Supreme Court of Alabama.

June 20, 1935.

London, Yancey, Smith & Windham and J. K. Jackson, all of Birmingham, for appellant.

Wilkinson & Wilkinson and Clarence M. Small, all of Birmingham, for cross-appellant.

M. B. Grace, of Birmingham, for appellee.

BOULDIN, Justice.

The appeal is from a decree overruling demurrers to a cross-bill in equity.

The equity of the original bill was sustained on former appeal. Wilkinson et al. v. Wright et al., 228 Ala. 243, 153 So. 204.

For a full statement of the case made by such bill, we refer to that decision.

For present purposes it suffices to say a guardian of the estate of a non compos mentis misappropriated said estate by purchase of realty taking titles in the name of the guardian as such, making partial payments thereon, and giving purchase-money notes and mortgages to the vendors for deferred payments, without authority so to do. The estate being unable to meet these deferred installments, foreclosure proceedings threatened the loss of the ward's estate. The ward died, and his heirs filed the bill to avoid the transactions for breach of trust in which the vendors participated, and to fasten a lien on the lands for the ward's funds so invested.

After the cause was remanded, respondent James E. Wright, the vendor-mortgagee, filed his cross-bill.

Among other things, this cross-bill made Fidelity & Deposit Company of Maryland, surety on the bond of the guardian at the time these investments were made, a party respondent, praying that such surety be decreed to reimburse or hold harmless the cross-complainant for whatever sums he may be held bound under the original bill. The cross-bill charges no facts upon which relief is sought against the surety save the fact of suretyship for the guardian who made such investments.

It seems such liability is sought to be predicated on equitable subrogation.

As to this surety, the bill is without equity for several reasons. The surety on bond of the guardian or other fiduciary, bound primarily to the cestui que trust, is liable to third persons only when the guardian is bound in his representative capacity; that is to say, when the trust estate is bound. For wrongful and illegal acts outside his authority working injury to third persons, the guardian is bound personally and individually, not the estate he represents, nor the surety on his bond. Many cases illustrate this principle. Lowery v. Daniel, Adm'r, 98 Ala. 451, 13 So. 527; Campbell v. American Bonding Co. of Baltimore, 172 Ala. 458, 55 So. 306; Bartlett v. Jenkins, 213 Ala. 510, 105 So. 654; Sims et al. v. Hipp, 216 Ala. 439, 113 So. 296; Blair v. Rice, 216 Ala. 586, 114 So. 194.

Again the equitable doctrine of subrogation aims to place the ultimate burden on him who in equity is primarily due to pay. In this case the heirs of the ward, succeeding to his right, are going after the estate itself; following it into property into which it has been unlawfully invested. On the averments of the original bill, taken as true in dealing with the cross-bill in this regard, this cross-complainant is chargeable directly and immediately with participation in the breach of trust; a joint wrongdoer in the transactions whereby the estate is found invested in these lands. Such liability is primary.

No equities of third persons, not participants in the breach of trust, having become involved, we are clear in our conviction this property is the primary security. The ward, or his heirs, could call on the surety as of course. If they had done so, the right of the surety to charge this land by way of subrogation would present another question. Galliland et al. v. Williams et al., 181 Ala. 173, 61 So. 291; Dothan Grocery Co. v. Dowling et al., 204 Ala. 224, 85 So. 498.

There is no equity in the cross-bill as against Fidelity & Deposit Company of Maryland. The decree overruling the demurrer is reversed, and one here rendered sustaining the demurrer.

In 740–A, another and different decree is presented for review. The same cross-bill made Ivey F. Lewis a party respondent. Briefly it is alleged he was attorney for the guardian in making these investments; that he assured cross-complainant he was conducting the proceedings according to law, and in reliance on such assurance made the investments, etc. It is sought to hold Mr. Lewis liable for whatever losses the cross-complainant shall suffer under the original bill. An answer denies such averments, alleging that Mr. Wright had separate counsel of his own, etc. Demurrers were incorporated in the answer and sustained to this feature of the cross-bill. Error is assigned by Mr. Wright, as cross-appellant.

We need not deal with the sufficiency of the averments to show a cause of action against an attorney for damages. It is sufficient to say this phase of the cross-bill seeks to bring in a new party on a distinct demand cognizable in a court of law, determinable on separate and distinct facts. It is foreign to the subject-matter of the original bill.

The brief for cross-appellant seems to proceed on the idea that the ruling was error because the demurrers of cross-respondent Lewis were directed to the cross-bill as a whole, whereas the cross-bill does contain equity in some aspects. There are averments designed to have an accounting from the guardian and adult heirs for use and occupation, for waste, etc. The demurrer of cross-respondent Lewis, in several, if not all its assignments, is directed against the equity of the cross-bill as against the demurrant. The rule invoked has no application.

Affirmed on cross-appeal.

Reversed, rendered, and remanded on direct appeal. 6 Div. 740.

Affirmed on cross-appeal. 6 Div. 740–A.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.