TORBERT, Chief Justice
(dissenting).
The majority’s statement of the general rule of law, as taken from Blair v. Rice, 216 Ala. 586, 114 So. 194 (1927), and Fidelity & Deposit Co. of Maryland v. Wilkinson, 230 Ala. 586, 162 So. 666 (1935), is correct. However, neither of those cases addressed the question that is now before us. The issue in those cases is under what circumstances could an individual acting as an administrator be sued in a representative, as opposed to his individual, capacity. The issue in this case, however, is whether the probate court's finding that the estate owned the C.D.’s, and that the administrator acted properly in placing the proceeds from them into the trust fund, estops Ms. Best from raising the issue of ownership of the proceeds in her later claim for conversion. The following analysis shows that the application of the doctrine of collateral estoppel (issue preclusion) to the facts in this case bars Ms. Best from raising the issue of ownership of the proceeds, regardless of whether she sued the administrator in its individual or representative capacity.
In Wheeler v. First Alabama Bank, 364 So.2d 1190 (Ala.1978), this Court explained how the doctrine of collateral estoppel operates:
“Collateral estoppel operates where the subsequent suit between the same parties is not on the same cause of action. Requirements for collateral estop-pel to operate are (1) issue identical to one involved in previous suit; (2) issue actually litigated in prior action; and (3) resolution of the issue was necessary to the prior judgment. [Citation omitted.] If these elements are present, the prior judgment is conclusive as to those issues actually determined in the prior suit. [Citation omitted.]
364 So.2d at 1199.
Applying these requirements to this case, I would find that the same issue was before both the probate court and the circuit court, i.e., who owned the C.D.’s. This issue was “actually litigated” before the probate court, which held that the proceeds belonged to the estate, and the determination of the ownership of the C.D.’s was necessary in order to find that the administrator was legally obligated to deposit the proceeds from the C.D.’s into the permanent trust set up by Ms. Louys’s will.
Therefore, the only question remaining to determine whether collateral estoppel applies is whether Ms. Best was a party in the probate proceeding. By giving proper notice, the administrator of an estate can make any interested person a party in the probate proceedings. Code 1975, § 43-2-354. The record shows that Ms. Best signed a document waiving her right to notice, informed the administrator that she would enter the probate proceeding and hired a lawyer to represent her at the hearing. This waiver constituted notice to Ms. Best as a matter of law, thus making her a party to the probate proceeding under § 43-2-354. Since Ms. Best was a party to the probate proceeding, the doctrine of collateral estoppel applies.
In neither of the cases that are so heavily relied on by the majority was there a prior judgment establishing that the property in question belonged to the estate and was thus subject to distribution by the estate’s administrator. Unfortunately, the majority places little importance on this distinction. Nevertheless, the application of the collateral estoppel doctrine to these facts leads to the inescapable conclusion that Ms. Best should be precluded from relitigating the issue of ownership of the C.D.’s. It follows that her claim for conversion must fail. For this reason, I would grant the rehearing.
BEATTY and HOUSTON, JJ., concur.