# Tutwiler *v.* Dunlap.

### *Bill in Equity to Foreclose Mortgage.*

1. *Bill to foreclose; subsequent purchaser proper party.*—An administrator having executed a mortgage on lands to indemnify the sureties on his official bond, reserving possession to himself until his liability should be judicially ascertained, a subsequent purchaser under execution against the administrator, prior to the settlement of his administration, holds in subordination to the rights of the sureties under the mortgage; and one of the sureties, having paid the decree rendered against them and their principal on settlement of his administration in a court of equity, may maintain a bill to foreclose the mortgage against the mortgagor and the purchaser at execution sale, the latter having recovered possession by action at law against the mortgagor.

2. *Bill to foreclose mortgage executed by administrator to indemnify surety; averment of administrator's default.*—The bill in such case must show, by appropriate averments, that the administrator was in default; and averments of the filing of the bill in the administration suit, and of the proceedings had, and decree rendered therein, are insufficient as against the purchaser, who was not a party to that suit.

3. *Effect of decree as evidence.*—The decree rendered in the administration suit does not conclude the purchaser, and is competent evidence against him in the foreclosure suit merely to prove the fact of its rendition, and amount; it is not competent evidence, as against him, of the liability or default of the administrator.

4. *Cross-bill; when can not be maintained.*—In a suit for the foreclosure of such mortgage, the mortgagor can not maintain a cross-bill to have the execution and levy under which the purchaser bought, declared void. Such claim is purely a legal demand between the mortgagor and the purchaser, a co-defendant, in which the complainant, the mortgagee, has no concern whatever, and is not the proper subject for a cross-bill.

APPEAL from Greene Chancery Court.

Heard before Hon. A. W. DILLARD.

The bill in this cause was filed on 31st October, 1877, by Robert B. Dunlap against Henry A. Tutwiler, A. S. Steele and others, to foreclose a mortgage on lands executed by the defendant Steele to the complainant and others. The averments of the bill necessary to a proper understanding of the opinion, are stated in the opinion. The defendant Tutwiler, who was in possession of part of the mortgaged premises, claiming title un-

[Tutwiler v. Dunlap.]

der sheriff's sale made under an execution issued from the Probate Court of Greene County after the execution of the mortgage, answered the bill, incorporating in his answer a demurrer, the grounds of which may be stated as follows: 1. That it appears from the bill that the lands which are sought to be sold under the mortgage, or so much thereof as are held and claimed by this defendant, were recovered by the judgment of the Circuit Court of Greene county, and that he was put into possession thereof by the sheriff under a writ of possession; and that he is in the adverse possession of the said lands under an independent legal title, and in no wise holds the same in subordination to the right or title of A. S. Steele, the mortgagor of the complainant. 2. That a court of equity has no right to foreclose the said mortgage as against the adverse possession · and independent title of defendant to the lands recovered by him. 3. That a court of equity has no right or power to decide upon the conflicting rights and titles of complainant under his mortgage, and of defendant under his purchase at sheriff's sale. 4. That the mortgage sought to be foreclosed, as shown by the bill, contains a power of sale, and that the complainant's · remedy at law is complete and adequate. The defendant Tutwiler also moved to dismiss the bill for want of equity.

The defendant Steele answered the bill, and also filed a cross-bill, charging, upon allegations contained therein, that the execution issued out of the Probate Court of Greene county, under which the lands bought by Tutwiler were sold, and the levy and sale made thereunder were void, and seeking to have them so declared and decreed; and that he be decreed the owner of the equity of redemption free from any and all claims of the said Tutwiler, and further that he be entitled to redeem. The view taken of the cross-bill by this court renders it unnecessary to set out its averments. To the cross-bill the defendant Tutwiler interposed a demurrer, assigning, among other grounds, that the bill has no equity, because it is not confined to the subject-matter of the original bill, but introduces new, and distinct matters not involved in the original bill; and that it is not connected with or necessary to the decision of the matters contained in the original bill. He also moved to dismiss the cross-bill for want of equity.

The demurrer to the original bill was overruled; and upon final hearing, had upon pleadings and proof in both the original and cross suits, the chancellor caused a decree to be entered, granting the complainant in the original bill the relief prayed, overruling the demurrer to the cross-bill, and the motion to dismiss it for want of equity, declaring that the execution issued out of the Probate Court of Greene county, under which the lands purchased by Tutwiler were sold, and the levy and sale

made thereunder were void, and perpetually enjoining Tutwiler from asserting any claim or title under his purchase. From that decree the defendant Tutwiler appealed to this court, and here assigns as error these several rulings of the Chancery Court, and also its ruling on the admissibility of certain evidence offered by the complainant in the original bill, which is sufficiently indicated in the opinion.

WEBB & TUTWILER, for appellant, after discussing other questions raised by the record, but not passed on by the court, contended: (1) The cross-bill is not germane to the original bill, but " relates to matters, rights or equities which have no connection with it, and which are independent and distinct from the matter and object of the original bill. A cross-bill, not pertinent to the original bill, and which seeks no relief against complainant, is without equity, and should be dismissed."—*Andrews v. Hobson's Adm'r*, 23 Ala. 219, and authorities there cited; *Continental Life Ins. Co. v. Webb*, 54 Ala. 688; *Winn v. Dillard*, 60 Ala. 369.   (2) The record and decree in the case of Harriet M. and Mary F. Steele *v.* Andrew S. Steele and others, to which the appellant was a stranger, are not evidence against him of the facts necessary to authorize that decree, to-wit: that A. S. Steele, as administrator of E. B. G. Steele, owed Harriet M. and Mary F. Steele $2,500.—*Troy v. Smith & Shields*, 33 Ala. 469; 2 Starkie on Ev. 183–4; 29 Ala, 147; 25 Ala. 161; 17 Ala. 681; 9 Ala. 973; 56 Ala. 356.   The appellant was neither party nor privy to any one who was a party in that suit.—*Floyd v. Ritter's Adm'r*, 56 Ala. 356.

COLEMAN, CLARKE & McQUEEN, for the appellee Robert B. Dunlap.  (1) There can be no doubt of the equity of the original bill, and that the demurrer thereto was properly overruled. A portion of the lands conveyed in the mortgage was not included in Tutwiler's purchase.   Both Andrew S. Steele, and Tutwiler were, therefore, necessary parties.—*Mims v. Mims*, 35 Ala. 23; 19 Ala. 213.   (2) Conceding that the execution under which the land was sold was not void, Tutwiler bought only the equity of redemption in the lands purchased by him, and he was "subrogated to all ths rights of Steele, and subjected to all his disabilities."—Code of 1876, § 3209; *Coker v. Whitlock, Trustee*, 54 Ala. 180; *Welsh v. Phillips*, 54 Ala. 309; *Childress v. Monette*, 54 Ala. 317; *Carlisle v. Wilkins*, 51 Ala. 371; *Perkins & Elliott v. Mayfield*, 5 Porter, 182; 2 Brick. Dig. p 375, § 35. (3) The record and decree in the case of Harriet M. and Mary F. Steele *v.* A. S. Steele, *et al.*, was merely cumulative testimony. The material facts, and the payment and satisfaction of the decree by Dunlap, the surety, had been admitted by Tutwiler's

[Tutwiler v. Dunlap.]

answer; but the answer set up that this decree was a consent decree, which had been procured by the fraud of Dunlap in refusing to take an appeal to the Supreme Court, and that said decree was in no way binding on him. There is no evidence of any fraud. It is true that Tutwiler was not a party to this decree, and that he is not bound by it; but it is competent evidence to show that Steele on a final settlement of his administration of the estate of E. B. G. Steele, deceased, in the chancery court, was due $2,500, and that a decree for that amount was rendered against Steele and his sureties; and that Dunlap, being one of them, was bound to pay the decree. Tutwiler has no right to complain that there was no appeal to the Supreme Court. He was in no way injured because an appeal was not taken.—Burge on Suretyship, Book 4, Chap. 1, p. 357; *Preslar v. Stallworth*, 37 Ala. 402; *Cave v. Burns*, 6 Ala. 780; 5 Wait's Act. & Def. pp. 204–7.

SNEDECOR, COCKRELL & HEAD, for the appellee A. S. Steele, after discussing other questions raised by the record, contended: The *subject-matter* of the original bill is the foreclosure of the mortgage, under the judicial ascertainment, under the facts put in issue, of the rights and interests of *Tutwiler* in and to the lands embraced in the mortgage. The cross-bill exhibited by A. S. Steele sets up more at large the facts which invalidate the claim of Tutwiler to the lands, and prays the court to decide upon the rights of all the parties. In this view, the court, under the allegations of the original bill, if a cross-bill had not been filed, "seeing" that persons of opposite interests are co-defendants, that the court can not determine their opposing interests upon the bill already filed, and that the determination of their interests is yet necessary to a complete decree upon the *subject-matter* of the suit, will direct a bill to be filed in order to bring the rights of all the parties fully and properly before it.—Dan. Ch. Prac. (4th Ed.) p. 1550.

STONE, J.—Andrew S. Steele, in July, 1859, was appointed administrator of the estate of E. B. G. Steele, deceased, and gave bond with Robert B. Dunlap as one of his sureties. In February, 1872, the said Andrew S, Steele, not having settled up his said administration, made a mortgage with power of sale, and therein conveyed to Robert B. Dunlap and others, his sureties, a tract of land of some thirteen hundred acres, to indemnify them against their liability as his sureties. The mortgage stipulated that A. S. Steel, the mortgagor, was to retain possession of the lands, until his liability as administrator was ascertained and determined by a proper decree of the court having jurisdiction thereof. In the spring of 1874, under execution

9

[Tutwiler v. Dunlap.]

from the Probate Court of Greene county, Henry A. Tutwiler purchased eight or nine hundred acres of the mortgaged land at sheriff's sale, and received the sheriff's deed therefor. The charge of Dunlap's bill in reference to said sale is, that the sheriff "sold all the right, title, claim and interest of the said Andrew S. Steele in and to said lands," and Tutwiler became the purchaser. No issue was made on this averment of the bill, except that it is claimed under the cross-bill that the executions under which Tutwiler purchased were void as against A. S. Steele. This question we will consider further on. Soon after his purchase, Tutwiler instituted his statutory real action against Steele for the recovery of said lands, and did recover them by the judgment of the court. That judgment was affirmed on appeal to this court.—*Steele v. Tutwiler*, 57 Ala. 113. In July, 1877, Tutwiler was put in possession of said lands under his recovery, and was in possession when this bill was filed by Dunlap—November 22d, 1877.

In May, 1875, the children, distributees of E. B. G. Steele, filed a bill against A. S. Steele and his sureties, including said Dunlap, to have a settlement of the said administration, and to recover their distributive interests. At the June term of the court, 1877, a decree was rendered in favor of the complainants in said cause and against Steele and his sureties for twenty-five hundred dollars, which Dunlap, the only solvent party, has had to pay. This bill is filed by him to obtain reimbursement out of the property mortgaged. There was a demurrer to the bill, assigning many grounds, and also a motion to dismiss on a specified ground. There was nothing in either of the objections specified. There is, however, a defect in the bill, in this, that it does not aver that Steele, the administrator, was in default as such administrator, or that he owed anything by virtue of his administration. The averment is, that "on or about the 26th day of May, 1875, the heirs at law of Ezekiel B. G. Steele, to-wit, Harriet M. Steele and Mary F. Steele, filed their bill in this court against Andrew S. Steele as the administrator of the said E. B. G. Steele and his sureties on his said bond, to-wit, your orator and Sidney P. Steele, calling the said Andrew S. Steele to a full and final settlement of his administration. Whereupon such proceedings were had in said cause, that a final decree was rendered therein at the June term, 1877, in favor of complainants against said defendants, for the sum of twenty-five hundred dollars and costs of suit. All of which will more fully appear by the papers in said cause, and the decree thereon rendered; and so much as may be necessary will be put in evidence on the trial of this cause." The foregoing is a copy of all the bill contains, tending to show A. S. Steele as administrator owed the complainants anything. It is wholly insufficient. Tutwiler

[Tutwiler v. Dunlap.]

was not a party to that suit, and was not concluded by anything found or determined in that cause. It was *res inter alios acta* —a proceeding to which he could not be a party, and there was no privity between him and either of the parties to that suit, which could make the adjudication binding on him. True, his rights were subordinate to those of Dunlap, but he was entitled to his day in court, to controvert the extent of Dunlap's superior right, or whether in fact he had any.—*Snodgrass v. Br. Bank,* 25 Ala. 161; *Troy v. Smith,* 33 Ala. 469; *Marshall v. Croom,* 60 Ala. 121; *Donley v. McKiernan,* 62 Ala. 34; *Lankford v. Green,* 62 Ala. 314; *Floyd v. Ritter,* 56 Ala. 356.

There was objection to the admission in evidence of the decree rendered in the case of Harriet M. and Mary F. Steele *v.* Andrew S. Steele, Dunlap *et al.* This objection was rightly overruled. The record was competent evidence against the whole world to prove the fact of its rendering, and the amount of it. Therefore it was properly admitted in evidence. It was also evidence against Andrew S. Steele, the mortgagor, to prove his liability to Dunlap, by judicial ascertainment in a suit to which they were both parties. As against Tutwiler, it was evidence to prove *rem ipsam,* and nothing else. It was no evidence of the facts—the *devastavit* of A. S. Steele —on which it rested. The present case is even stronger than this. That decree was rendered by consent of parties. And that decree was the only evidence offered in the court below, to prove A. S. Steele's default, for which Dunlap had been made liable. The chancellor erred in granting relief on this testimony against Tutwiler.

With the exception of the omitted averment, indicated above, the bill clearly contains equity; and if it be shown that A. S. Steele was in default to the distributees of E. B. G. Steele, and the amount of such default, which Dunlap has been required to pay, to that extent Dunlap is entitled to relief. The decree of the chancellor, granting relief on the original bill, must be reversed, and the cause remanded, at the cost of Dunlap, the appellee.

It is objected to the cross-bill of A. S. Steele that it is not germane to the original suit, and should not, therefore, have been entertained. The purpose of the original bill, as we have seen, was to foreclose a mortgage made by A. S. Steele to Dunlap and others. Tutwiler was a necessary party, because he was in possession, and claimed a part of the land by a title later in its acquisition than the date of the mortgage under which Dunlap claimed. The purpose of the cross-bill was to recover, not from Dunlap, but from Tutwiler, a co-defendant, the *residuum* of the land, left after satisfying Dunlap's mortgage. A cross-bill is, in its nature and purposes, defensive to the original bill.

If its object and effect be not to defeat a recovery by complainant, in whole or in part, or to modify the relief the complainant obtains, then it is not defensive in its purpose, and is not germane to the bill.—*Davis v. Cook*, 65 Ala. 617; *Cont. Life Ins. Co. v. Webb*, 54 Ala. 688; *Winn v. Dillard*, 60 Ala. 369, and authorities cited. The claim set up in the cross-bill is alone between Steele and Tutwiler, is a purely legal demand in which Dunlap has no concern whatever, and is not a proper subject for a cross-bill. The decree of the chancellor on the cross-bill is reversed, and a decree here rendered, dismissing it at the costs of A. S. Steele.