(113 So. 237)

## LOWERY v. ROSENGRANT. (1 Div. 450.)

Supreme Court of Alabama.    May 19, 1927.

Rehearing Denied June 15, 1927.

1. Equity ⬅195—"Cross-bill," not seeking to defeat recovery by original complainant or modify relief sought by original bill, is not germane thereto.

A "cross-bill" is defensive in its nature and purpose, and, if its purpose be not to defeat a recovery by original complainant in whole or in part or in some respect to modify relief sought by original bill, it is not germane thereto.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Cross-bill.]

2. Equity ⬅195—Cross-bill alleging no demand in which original complainant had concern held demurrable.

Where original complainant had no concern in legal demand alleged to be due from cross-defendant to cross-complainant, the cross-bill was not germane to original bill, and demurrer was properly sustained thereto.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Bill in equity by Ben May against H. G. Lowery and George M. Rosengrant, and cross-bill by defendant Lowery against complainant and defendant Rosengrant. From a decree sustaining demurrer of Rosengrant to the cross-bill, defendant Lowery appeals. Affirmed.

Webb & Shepard and Brown & Kohn, all of Mobile, for appellant.

The cross-bill may raise new issues relating to the subject-matter of the original bill. The issues raised by this cross-bill relate to the subject-matter of the original bill. Burke v. Burke, 208 Ala. 502, 94 So. 513; Code 1923, § 6550; Bickley v. Bickley, 136 Ala. 548, 34 So. 946; Bell v. McLaughlin, 183 Ala. 548, 62 So. 798. The fact that original complainant has no interest in the relief sought by the cross-bill does not make the cross-bill multifarious. Glass v. Stamps, 213 Ala 95, 104 So. 237; Henderson v. Hall, 134 Ala. 455, 32 So. 840, 63 L. R. A. 673; Smith v. Rhodes, 206 Ala. 460, 90 So. 349; Davis v. Cook, 65 Ala. 617. If so, original complainant alone could raise the question. Robison v. Robison, 44 Ala. 227; Boyd v. Hunter, 44 Ala. 705. Where equity assumes jurisdiction, it will do complete justice between the parties even where some of the matters involved are of legal cognizance. Stow v. Bozeman, 29 Ala. 397; Masterson v. Masterson, 32 Ala. 437; Boyd v. Hunter, 44 Ala. 705; Lockett v. Hurt, 57 Ala. 198; Miller v. L. & N., 83 Ala. 274, 4 So. 842, 3 Am. St. Rep. 722; Bellinger v. Lehman, 103 Ala. 385, 15 So. 600; Gulf Comp. Co. v. Jones Cot. Co., 157 Ala. 32, 47 So. 251; Montgomery R. Co. v. McKenzie, 85 Ala. 546, 5 So. 322; Enterprise Co. v. 1st Nat. Bank, 181 Ala. 388, 61 So. 930; Baggett Mer. Co. v. Vickery, 213 Ala. 427, 105 So. 207. A cross-bill may be filed by one co-defendant against another when the burden of complainant's claim should be apportioned among two or more defendants. Whitfield v. Riddle, 78 Ala. 99; Abels v. Planters' & Merchants' Ins. Co., 92 Ala. 382, 9 So. 423.

Outlaw, Kilborn & Smith, of Mobile, for appellee.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

A defendant may obtain relief by cross-bill only for a cause which is connected with or grows out of the original bill. Code 1923, § 6550; Lowery v. May, 213 Ala. 66, 104 So. 5. The question of damages to Lowery by Rosengrant is independent of the general facts presented by the original bill. Lowery v. May, supra.

SAYRE, J. This appeal is from a decree sustaining appellee's demurrer to appellant's amended cross-bill. Both the parties to this appeal were made defendants in the original cause. May v. Lowery et al. This court's consideration of the original bill is shown in Lowery v. May, 213 Ala. 66, 104 So. 5, and May v. Lowery, 214 Ala. 230, 107 So. 67. That bill-named as defendants both parties to this appeal, as we have said, but there was no averment that Rosengrant had cut or removed timber, nor was specific relief prayed against him. The bill, so far as concerning Rosengrant, appears to have proceeded upon the theory that, because Lowery had cut and removed timber, claiming the right to do so under his conveyance from Rosengrant, he (Rosengrant) was liable as well as Lowery for the value of any timber cut or removed by the latter, and it was averred that Rosengrant had no property subject to execution sufficient to satisfy the damages sustained by complainant by reason of the cutting and removal of timber by Lowery. But no specific relief was prayed against this appellee, Rosengrant, nor (as now appears) was he named in the final decree, which, following the prayer of the original bill, enjoined appellant, Lowery, from cutting or removing timber from lands therein described, and ordered an accounting of timber cut and removed by him before the filing of the bill. That decree also sustained appellee's demurrer to appellant's amended cross-bill, and in this last-named respect only is it now under review.

Appellee had conveyed to appellant. By his cross-bill appellant seeks to hold appellee responsible on the latter's warranty of title for the sum in which under the decree appellant must account to May, complainant in the original bill, and for the loss suffered by reason of the injunction which limited appellant's right to timber more narrowly than did the conveyance from appellee to appellant.

[1, 2] The connection between the relief sought in the cross-bill and that which has now been decreed under the original bill in agreement with its prayer is supposed to subsist in the fact that the relief sought in the cross-bill is founded on the warranty of appellee's deed to appellant, which the original complainant found it necessary to plead and prove. But the deed from appellee to appellant in this cause was introduced into the original cause, not for any effect of the covenant, but merely to show that through it the present appellant had notice of the stipulation against the cutting of trees beyond specified limits as to size of trees and times of cutting, and by which, in consequence, he was bound. May v. Lowery, supra. It must be noted that the original complainant, May, is in no otherwise interested in the controversy between the parties to this appeal, defendants both in the original cause. It is of no consequence to original complainant whether or not one defendant should answer to the other on any account; and, so far as the record discloses, appellant's claim is purely legal. A cross-bill is defensive in its nature and purpose. If its purpose be not to defeat a recovery by the original complainant in whole or part, or in some respect to modify the relief sought by the original bill, it is not germane to the original bill. Tutwiler v. Dunlap, 71 Ala. 126, and cases there cited; Tribble v. Wood, 186 Ala. 329, 65 So. 73; Andrews v. Hobson, 23 Ala. 219. The last cited case was in one respect modified in Davis v. Cook, 65 Ala. 617, but that modification had no effect to deny its apt citation in the circumstances of this case. If complainant in his original bill showed a right to relief against both defendants in that bill, and yet, as between the defendants, there existed priorities of burden and liability, which, to employ again the language of Stone, J., in Davis v. Cook, supra, "while they do not gainsay complainant's common right, yet show that one defendant, or that part of the subject-matter of the suit for which he is liable, must be first exhausted, before the other can be called on to pay," in that case there would be equity in the cross-bill. But the record shows no such case. In both the averments of the original bill and in the decree rendered thereon, as those matters appear in the cross-bill, it appears that cross-complainant alone is answerable to original complainant, but that to him (original complainant) there is no liability on the part of cross-defendant. We are therefore constrained to hold that, because the original complainant has no concern in the legal demand alleged to be due from cross-defendant to cross-complainant, the cross-bill is not germane to the original bill, and for that reason the demurrer to it was properly sustained. Tutwiler v. Dunlap, supra, is very closely in point.

The decree sustaining the demurrer to the amended cross-bill is affirmed.

GARDNER, BOULDIN, and BROWN, JJ., concur.