(134 So. 794)

### DENICKE et al. v. DAVITT.

### 6 Div. 875.

Supreme Court of Alabama.

May 21, 1931.

Mullins, Pointer & Deramus and Vasser L. Allen, all of Birmingham, for appellants.

Benners, Burr, McKamy & Forman, of Birmingham, for appellee.

FOSTER, J.

The original bill in this case was filed by Ida A. Davitt, one of the four children of L. K. and Minerva Moss. Minerva Moss is alleged to have died in October, 1902, leaving her husband and the four children surviving, and an estate consisting of real and personal property. It is alleged in the original bill that at the close of the administration of her estate such property inherited by the children was turned over to respondent C. L. Moss by the three other children, all of whom were females, and their father, L. K. Moss, under an express trust agreement for the equal benefit of the four children of Minerva Moss. That C. L. Moss managed and operated and invested such property and acquired an interest in Mabel Mining Company and Warrior Black Creek Coal Company, and other enterprises by the use of such funds or the proceeds or accretions thereof. It is then alleged the purchase by C. L. Moss from his father, L. K. Moss, of one hundred and twenty-five shares of stock of the Warrior Black Creek Coal Company, and seventy-five shares of the stock of Mabel Mining Company, for a

consideration of $50,000, proceeds of the trust funds created under the trust agreement; that said stock was transferred to him and later both corporations were dissolved, and the assets of the latter vested in its two stockholders, C. L. Moss and G. B. McCormack, Jr., who became equal partners in their ownership, and the assets of the former seem to be of little value.

The bill sought to trace the funds of the mother's estate, which it is alleged by agreement became a trust estate in the hands of C. L. Moss, into the interest of the alleged trustee in the partnership, and to have C. L. Moss as such trustee make a full and complete accounting of all the trust property and the investments of it and accretions to it. It claimed under said trust the entire one-half interest of C. L. Moss in the partnership assets of Moss and McCormack, and some property whose title was in C. L. Moss individually, acquired in the same manner.

One of the three daughters of L. K. and Minerva Moss had died, and her children were made parties. They, as heirs and distributees of their mother's estate, and another of the living sisters filed a cross-bill. The court sustained demurrer to the cross-bill on the ground that it was not germane to the original bill, and this appeal is taken from that decree.

■ Cross-complainants neither admit nor deny the express trust set up in the original bill. Relief on the cross-bill relates only to the transaction set up in the original bill by which C. L. Moss acquired from his father one hundred and twenty-five shares of stock of the Warrior Black Creek Coal Company and seventy-five shares of Mabel Mining Company for the consideration of $50,000, and predicates relief upon allegations of fraud and undue influence, and seeks to vacate the sale for the use and benefit of the estate of L. K. Moss, of whose estate C. L. Moss is alleged to be administrator. L. K. Moss died about three years after the stock sale transaction. It also shows that the interest of C. L. Moss in the partnership of Moss & McCormack was acquired from the ownership of the stock of said corporations. But the cross-bill does not claim that the interest of C. L. Moss owned prior to the purchase from his father is subject to the claim made under its allegations, but seeks to fasten a trust only to the extent of one-fourth interest in said partnership of Moss & McCormack for the benefit of the estate of L. K. Moss; whereas the original bill sought to fasten the trust upon the entire interest of C. L. Moss in said partnership, and for the benefit of the individuals who are incidentally the same heirs and distributees of the estate of L. K. Moss, and in the same proportionate interest with C. L. Moss. The cross-bill does not allege the status of said estate as to debts and whether there would be any need for administration, except to distribute the estate, but does allege the pendency of administration, and seeks to have it removed into chancery. The cross-bill also sets up transactions between C. L. Moss and the complainant in the original bill from which we infer that it means to imply that she has thereby ratified the transaction which it sought to vacate, and on account of which we further infer that the cross-bill implies that she has shifted her claim by which C. L. Moss is alleged to be held as trustee in invitum from the position taken by cross-complainants. At any rate, and whatever may be the occasion for it, the nature of the equitable rights in the original and cross-bill is different, but both lead to a claim of trusteeship in invitum by C. L. Moss of the same property, though not to the same extent.

We may here catalogue the differences and the similarities of the two bills. Differences: (1) The original bill is predicated upon an alleged express trust; the cross-bill charges an equitable trust arising from a transaction procured by fraud and undue influence. (2) The original bill would extend the trust to the entire one-half interest of C. L. Moss in the partnership of Moss and McCormack; the cross-bill to only a half of that interest. (3) The trust under the original bill is for the individual benefit of the four children of Minerva Moss (including C. L. Moss, the alleged trustee); under the cross-bill it is for the estate of L. K. Moss. (4) Under the original bill it is not necessary to account to C. L. Moss for the $50,000 paid by him to his father; under the cross-bill this must be done. Similarities: (1) The alleged beneficiaries of the express trust under the original bill are the same persons and in the same proportionate right as the heirs and distributees of the estate of L. K. Moss, for which the trust under the cross-bill is sought. (2) The transaction by which C. L. Moss is alleged to be a trustee of the stock of the two corporations is the same in each case, and the subject-matter at least in part of both is the same. (3) The purpose of both is to fasten a trust upon the same property in the hands of the same trustee, for the ultimate benefit of the same beneficiaries, in the same proportionate interest. (4) The relief under the cross-bill is but a modification of the same nature of relief under the original bill. (5) The facts set up in the cross-bill are consistent with those alleged in the original bill, and may be treated either as cumulative or alternative matter.

As we have shown, under the original bill, C. L. Moss must account to the same parties for the same property in the same proportion as he must if relief is granted under the cross-bill, except that, under the latter, the fund is due to be administered by the administrator of L. K. Moss, after which it is to be di-

vided in like proportion subject to the duty to account to C. L. Moss for $50,000, and an interest equal to that claimed in the original bill is not included in the cross-bill. Now if the facts set up in both the original bill and cross-bill are true, we have a situation wherein a trustee under an express trust has appropriated trust property in the purchase of the shares from L. K. Moss by fraud and undue influence, and the estate of L. K. Moss is entitled to vacate the sale and enforce a trust in invitum, free from the benefits of the express trust, upon accounting to C. L. Moss for the $50,000 which would belong in that event under the express trust set up in the original bill to the same parties who would be due to account for it, thereby canceling the duty to make the account, leaving the shares of stock (and the property into which they are traced) as that of the estate of L. K. Moss for distribution in equal proportions to the same parties. And in addition the beneficiaries of the express trust would have their rights extended to the remaining interest of C. L. Moss in the partnership affairs of Moss & McCormack. Whereas, if the cross-bill sets up alternative facts, and they are true, but those of the original bill are not true, the result is a distribution of a lesser interest in the same property in the same proportion to the same parties, but subject to the administration of the estate of L. K. Moss, and to the duty of the heirs, distributees, or administrator of his estate to account to C. L. Moss for $50,000. The question therefore reverts to the same and only inquiry, Is the cross-bill germane to the original bill?

A statement of the general rule upon that subject is made by Stone, J., in Davis v. Cook, 65 Ala. 617, 625, which seems to have been very commonly accepted as accurate and complete, as follows: "We agree that, in the absence of special circumstances, the cross-bill can bring forward no new subject-matter, not presented in the original bill. It can, however, and usually does, raise new issues relating to that subject-matter; may present equities relating to the subject-matter, which arise between co-defendants, but which are not shown by the original bill, and, generally, may be resorted to, to secure such moulding or modification of complainant's relief, as to secure full relief to all parties." Sims Chancery Pract. § 647; Ashe-Carson Co. v. Bonifay, 147 Ala. 376, 41 So. 816, and citations; Nelson v. Dunn, 15 Ala. 501–513.

Again it is said by the same writer in Tutwiler v. Dunlap, 71 Ala. 126, 132, speaking of a cross-bill: "If its object and effect be not to defeat a recovery by complainant, in whole or in part, or to modify the relief the complainant obtains, then it. is not defensive in its purpose, and is not germane to the bill." Lowery v. Rosengrant, 216 Ala. 364, 113 So. 237.

Our cases recognize the propriety of a cross-bill which "sets up new facts, relating to the same subject-matter, and prays for affirmative relief in reference to it, and presents a case for equitable congnizance * * * and shows grounds for equitable relief which uphold the jurisdiction of the court independent of the original bill," and under such circumstances "the dismissal of the latter does not carry the former." Ex parte Conradi, 210 Ala. 213, 217, 97 So. 569, 572; Bell v. McLaughlin, 183 Ala. 548, 62 So. 798; Simpson v. Grand Bay Land Co., 202 Ala. 293, 80 So. 358.

It is not necessary that the cross-complainants shall have a claim extending to all of the property embraced in the original bill, though that claimed must be embraced in such bill. Smith v. Rhodes, 206 Ala. 460, 90 So. 349.

The subject-matter of the cross-bill is the same as that of the original bill, to wit, an alleged trust in certain property for the benefit of the parties. The beneficiaries of the trust are the same subject to the administration of the estate of L. K. Moss. The cross-bill in this case does raise new issues. It approaches the same result to a limited extent, but upon different, though in the nature of alternative or cumulative, facts not inconsistent with those alleged in the original bill. It admittedly seeks to modify to a limited extent the relief sought in the original bill, has independent equity of the nature described in Ex parte Conradi, supra, relates to the same subject-matter, and, therefore, is germane, we think, to the original bill.

As that is the only question decided in the circuit court, or argued on this appeal, we are constrained to reverse the decree of that court to a different effect.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.