For the foregoing reasons, I respectfully dissent.

KNIGHT, J., concurs to the extent which he indicates as follows:

KNIGHT, Justice (dissenting in part).

I am of the opinion that the construction to be placed on the contract in question with reference to total disability is correctly stated in the foregoing dissent, and that the construction adopted in this case by the majority is contrary to the holding in the Simpson Case, supra, and other cases in line therewith, as indicated in the dissenting opinion of Mr. Justice THOMAS.

O. S. Lewis, of Dotham, for appellant.

160 So. 768

**MARYLAND CASUALTY CO. v. HOLMES et al.**

4 Div. 791.

Supreme Court of Alabama.

Jan. 31, 1935.

Rehearing Denied May 2, 1935.

Mulkey & Mulkey, of Geneva, for appellees.

**FOSTER, Justice.**

The original bill seeks relief on behalf of minor wards in two alternative aspects. In the second paragraph, one aspect is alleged to result from the fact that the guardian deposited in a bank the money which was lost by the failure of the bank, and that under the agreement the deposit was made subject to the joint control of the guardian and the surety on his bond. This is upon the principle of our case of Bates v. Jones, 224 Ala. 82, 139 So. 242. In the third paragraph, the other aspect is alleged to exist because the money was not deposited as such in bank, but was made a time deposit, and therefore a loan, and was made without security, as required by section 8149, Code. Lee v. Lee, 67 Ala. 406; Barnes v. Clark, 227 Ala. 651, 151 So. 586, 90 A. L. R. 637.

The question here does not arise on the sufficiency of the bill in either aspect; but upon the cross-bill. The answer and cross-bill of the surety on the guardian's bond admit the allegations of the second paragraph, except as to the amount; and admit the allegations of the third paragraph, except also as to the amount, but deny that the loan was without security. It then sets up the liability of the four cross-respondents, not theretofore parties to the cause, upon their written agreement set out in the opinion of Justice Bouldin, not mentioned in the original bill. It prayed that an account be stated allowing the guardian certain credits, and, if anything be found due, cross-complainant offers to pay the same, and prays that the court decree in its favor against said cross-respondents on their guaranty for the amount so found due and paid by cross-complainant, and that it be subrogated to the rights of the guardian against said cross-respondents.

We think the cross-bill is subject to demurrer on a principle well settled in Alabama, and existing under our present statutes (if not on other grounds not now considered).

"A cross-bill is, in its nature and purposes, defensive to the original bill. If its object and effect be not to defeat a recovery by complainant, in whole or in part, or to modify the relief the complainant obtains, then it is not defensive in its purpose, and is not germane to the bill." Tutwiler v. Dunlap, 71 Ala. 126; Behan v. Friedman, 216 Ala. 478, 113 So. 538; Denicke v. Davitt, 223 Ala. 69, 134 So. 794; Whitfield v. Riddle, 78 Ala. 99; Davis v. Cook, 65 Ala. 617; Nelson v. Dunn, 15 Ala. 501.

A cross-bill may be not simply defensive, but may set up additional facts relating to the subject-matter of the original bill, not alleged in it, and pray for affirmative relief. It is then not simply defensive. Wilkinson v. Roper, 74 Ala. 140; Bell v. McLaughlin, 183 Ala. 548, 62 So. 798, and cases cited. Denicke v. Davitt, supra. But it may not bring forward new subject-matter, Ashe-Carson Co. v. Bonifay, 147 Ala. 376, 41 So. 816, and must bear upon the issues made by the original bill. Faulk & Co. v. Hobbie Grocery Co., 178 Ala. 254, 59 So. 450; 21 Corpus Juris 508, et seq.; Shelton v. Carpenter, 60 Ala. 201.

These rules have not been affected by any change in the phraseology of the statute, and we find no cases in conflict with them. Since the Code of 1852, § 2916, it has been provided that defendant may obtain relief against complainant for any cause connected with or growing out of the bill by making his answer a cross-bill. The act of 1885 (Code 1886, § 3460) added the right to such relief against a defendant also. Faulk & Co. v. Hobbie Grocery Co., supra; Abels v. Planters' & Merchants' Ins. Co., 92 Ala. 382, 9 So. 423. But there is still no right to bring in one, not already a party, by an answer which is made a cross-bill (Lamar v. Lincoln Reserve Life Ins. Co., 222 Ala. 60, 131 So. 223), whatsoever the issue might be. We adhere to that rule of pleading. See Gilman v. N. O. & S. R. Co., 72 Ala. 566; Haralson v. Whitcomb, 200 Ala. 165, 75 So. 913.

But no point seems to be made in that respect in this suit, and it is waived. Lehman v. Dozier, 78 Ala. 235; Jones v. Robinson, 77 Ala. 499; Lanier v. Henderson, 227 Ala. 243, 149 So. 674. The cross-bill, in our opinion, sets up matter "wholly foreign to any issue between the parties to the original bill" to the extent that it is predicated on a contract not mentioned in the bill, and brings in parties against whom complainant seeks no relief, and it seeks independent relief on that contract, and against those parties, not for the benefit of complainant, nor to his

prejudice, but for its own benefit solely. Its purpose has no bearing on the issues made by the original bill. It comes squarely within the principle of the cases of Behan v. Friedman, supra, and Lowery v. Rosengrant, 216 Ala. 364, 113 So. 237.

The cross-bill is, therefore, subject to the demurrer, and the decree sustaining it is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., dissent.

BOULDIN, Justice (dissenting).

The appeal is from a decree sustaining demurrers to a cross-bill filed by Maryland Casualty Company, surety on the bond of D. C. McDuffie, as guardian of the estate of Bell McDuffie Holmes et al., minors.

The original bill was filed by the wards against the guardian and his surety praying a removal of administration of the guardianship into the equity court, the removal of the guardian for incompetence, and a settlement of such trust.

This bill discloses that the trust estate, consisting of $1,250 in money, came into the hands of the guardian in 1929; that by joint control arrangement between the guardian and his surety the money was deposited in the First National Bank of Samson to the credit of the guardian; that under the joint control agreement the money was not to be withdrawn from such bank, except on check countersigned by the surety, the bank concurring in such arrangement; that the money so remained until January, 1930, when the bank failed, was taken over by the comptroller for liquidation, and the fund was lost.

The original bill further avers, in the alternative, that the deposit was made as a time deposit drawing 4 per cent. interest, compounded semiannually; was in legal effect a loan to the bank, made without taking the security required by law, and, therefore, a devastavit, rendering the guardian and his surety liable for interest at the lawful rate, 8 per cent. per annum. The bill alleges the insolvency of the guardian, prays for a decree against him and his surety for the amount of the deposit, with 8 per cent. interest, etc.

The cross-bill admits the deposit of the fund in the bank under joint control, less $100 alleged to have been theretofore lawfully expended for attorney's fees; that it was to draw 4 per cent. interest, compounded semiannually; but denies the loan was made without the security required by law, in that at the time of and as an inducement to such deposit or loan, directors of the bank personally executed a guaranty in writing, reciting: "That we, the undersigned Directors of First National Bank of Samson, Alabama, hereby guarantee to David McDuffie, as guardian, the payment to him as guardian of any and all amounts of money left by him as such guardian in the First National Bank of Samson, said money bearing interest at the rate of 4% per annum and compounded semiannually. This guarantee is in compliance with the law regulating the investment by guardian of the estate of ward and is intended as full protection of the said David McDuffie as guardian, of all sums of money so deposited in said bank.'"

The cross-bill brings in these guarantors, as parties respondent thereto, offers to pay whatever sum may be decreed against cross-complainant, as surety on the guardian's bond, and prays that, upon making such payment, it be subrogated to the security or indemnity provided in such guaranty, and a personal decree be entered against the guarantors in favor of the cross-complainant.

The respondents to the cross-bill, the complainants in the original bill, and the guarantors, interposed separate demurrers to the cross-bill, which were sustained.

These rulings are assigned as error.

Under the averments of the original and cross-bills, the loan to the bank represented the estate of the wards in the hands of the guardian, between whom the relation of trustee and cestuis que trust subsisted.

It seems not to be questioned that the personal guaranty executed by the guarantors constituted "good personal security" for the loan of the wards' fund within the meaning of Code, § 8149, if the transaction be treated as a loan. The guaranty agreement, under the averments of the cross-bill, was supported by a valuable consideration; the same consideration which supports all forms of suretyship.

I am clearly of opinion that under the averments of the cross-bill the surety, upon payment of the amount decreed against principal and surety in favor of the wards, would have a right of subrogation to the security given for the loan, the obligation of the guarantors, by way of indemnity to the sureties. This security, representing the trust estate, would,

in the event the guardian made payment to the wards, pass to him personally by way of subrogation; and, for like reasons, would pass to the surety on his bond. Baldwin et al. v. Alexander et al., 145 Ala. 186, 40 So. 391; 60 C. J. page 773, § 83; Ib. page 713, § 26.

I cannot assent to the view that the guarantee agreement was a mere personal obligation to protect the guardian, personally, in which his surety has no concern. The obligation runs to the guardian, as such, with declared purpose to comply with the law for the protection of the ward. If need be, the wards could have surely availed themselves of the guaranty.

It seems scarcely necessary to say the doctrine of subrogation is a creature of equity, through which the ultimate burden is placed on him, who, in equity and good conscience, is primarily due to pay. Dothan Grocery Co. v. Dowling et al., 204 Ala. 224, 85 So. 498; 12 Michie's Dig. page 55.

We now have a statute recognizing a right of subrogation "in law and inequity." Code, § 9553. The scope and effect of such statute I need not consider.

The equity of subrogation arises only upon payment of the debt by the surety, and ordinarily the surety cannot maintain a bill or cross-bill asserting such equity until the debt is paid.

As to the original complainants, the cross-bill is purely defensive. It does not question the liability of the surety for this fund on a settlement of the guardianship, if the principal fails to make good; but the cross-bill does deny a devastavit because of noncompliance with the statute requiring security for the loan of the wards' funds, sets up such security, and thus seeks to reduce the demand of the original complainants by the difference between 8 per cent. and 4 per cent. per annum, compounded semiannually for many years.

In setting up this defensive matter, the cross-bill, as it should, sets out the security for the loan, which discloses that it consists of the personal guaranty of the directors of the bank. The existence of such guaranty, as a valid security for this loan, thus becomes a direct issue between the original complainants and the cross-complainant. Now any litigation of this issue in the absence of the guarantors as parties would in no way bind them, and the same matter be left open to a multiplicity of suits.

I am of opinion, therefore, that since the complainants in the original suit have introduced as its subject-matter this bank loan representing the entire estate, challenge it as an unlawful devastavit to be treated as if no lawful loan had ever been made, this armed the surety, threatened with a greater liability than the loan called for, and dependent upon such security for final protection, with the right to set up by cross-bill the true status, bring in the necessary parties to adjudicate such status, and, the parties and subject-matter being before the court, ask such relief as would do complete justice in the one suit. This would include relief because of equities perfected in course of the suit, such as the subrogation here sought. The surety's right to indemnity as against his principal arises when the relation of principal and surety is formed; hence, well-established equity of exoneration, by which the surety may, without payment, require the principal to make good his obligation to save the surety harmless. Searcy v. Shows et al., 204 Ala. 218, 85 So. 444.

We have an old statute whereby a surety may, before paying the debt, sue out an equitable attachment against his principal in case of fraudulent removal or disposition of the latter's property, decree to be rendered after the debt is paid. Code, §§ 6619, 6621.

In keeping with such policy of protecting sureties, I am of opinion the surety in this case, where the security on which he must depend for indemnity is brought into question as the subject-matter of the original bill, is entitled to file a cross-bill bringing in the guarantors, and praying for relief by subrogation. Smith v. Maya Corporation, 227 Ala. 6, 148 So. 621.

The above views were written in substance covering the questions which seemed to the writer to be presented by demurrer and argued on appeal. There was no demurrer for misjoinder in bringing in new parties to the cross-bill. However, in conference the question arose whether this matter should be considered as going to the equity of the cross-bill, presented under other grounds of demurrer.

It appears there is a want of harmony in our decisions on the question whether, in any case, new parties may be introduced as respondents to a statutory cross-bill; parties disclosed by the cross-bill to have a direct interest in the subject-matter introduced in the original bill, that all equities may be settled in the one suit.

The question is of such everyday concern to the profession and to trial courts, involves equity procedure which seems so important to a consistent and adequate system of equity

jurisprudence, that it is deemed proper to again consider and clarify the matter by the full court.

The text of Corpus Juris reads (21 C. J. p. 505, [§ 609] 3, New Parties): "There is a conflict of authority as to whether new parties may be brought into the suit by cross bill. According to some authorities this cannot be done. If plaintiff desires to make new parties, he amends his bill and in that way introduces them. If defendant requires the presence of parties other than those named in the original bill, he complains of a nonjoinder, and plaintiff is then forced to amend or the bill may be dismissed. But according to the weight of authority new parties may be brought in by a cross bill which seeks affirmative relief, and shows that the persons added are necessary parties for that purpose, that is, that they have an interest in or material connection with the subject matter in the suit between the parties to the original bill."

Ruling Case Law reads (10 R. C. L. pp. 487, 488, § 264): " * * * In the view of the federal and of some of the state courts, none others can be made defendants to the cross bill except those who are already parties to the suit. As new parties are not permitted to come in as plaintiffs, so new parties cannot be lugged in as defendants. However, the view more generally prevailing in the state jurisdictions is that new parties can be brought in as defendants to a cross bill, if their presence seems to be necessary to a proper determination of the matters involved in the cross bill, or if the cross bill seeks appropriate affirmative relief and the new parties are necessary to the granting of such relief."

In notes to Corpus Juris, supra, Alabama is listed as one of the states adhering to the majority rule; citing Paulling's Adm'rs v. Creagh's Adm'rs, 63 Ala. 398, and Coster's Ex'rs v. Bank of Georgia et al., 24 Ala. 37.

This latter case was a creditor's bill to marshal securities, adjust priorities. Said our court: "We think there was no error in the Bank of Georgia making Hope & Co. and Carl Heine parties to their cross bill. They had not been made parties, it is true, by the Costers, in their bill; but it is clear that they had a direct and very important interest in the litigation, and were important parties before the court. Under such circumstances, we apprehend it matters little at whose instance they are brought in. If it were necessary to have them before the court, the court would even order them to be brought in, in order to enable it to proceed to a final de-

cree in the cause." This may be said to have become a leading case, cited and followed in many cases and by text-writers in preference to the minority view expressed in Shields v. Barrow, 17 How. 130, 15 L. Ed. 158. One of the strongest of these cases is Brandon Mfg. Co. v. Prime, 14 Blatchf. 371, Fed. Cas. No. 1810.

American text-writers seem practically unanimous in support of the majority rule. Story's Equity Pl. § 399, note; Fletcher Eq. Pl. and Pr. § 898, note; Shipman Eq. Pl. § 307; Puterbaugh Pl. and Pr. Chan. (Ill.) § 375.

In Alabama we have a statute designed to avoid duplication in pleading whereby the respondent presents his entire case by answer, made a cross-bill, with appropriate prayer. Originally, the statute was limited to relief against complainants in the original bill. The statute was amended so as to read: "A defendant may obtain relief against a party complainant or defendant for any cause connected with, or growing out of the bill, by alleging in his answer, and as a part thereof, the facts upon which such relief is prayed. The matters or facts thus alleged and put in issue must be considered in the nature of a cross bill and be heard at the same time as the original bill. It shall not be necessary to issue a summons to any defendant in the cross bill, except those who are not complainants in the original bill." Section 6550, Code.

In Bell v. McLaughlin, 183 Ala. 548, 551, 62 So. 798, 799, dealing with a cross-bill under this statute, and decided by the full court, it was said: "Generally speaking, cross-bills are divisible into two classes: those which are simply defensive of the case made by the original bill, including in this category such pleading when employed to introduce facts in aid only of a complete determination of the matter already in litigation—a pleading possessing no distinct individuality and upon which no distinct relief can be granted; and those which set up additional facts relating to the subject-matter of the original bill—but which are not averred in the original bill—and prays for affirmative relief against the complainant or complainants, or against a co-defendant or codefendants, or against any others who, though not parties to the original bill, are necessary parties to the cross-bill. Sims' Chancery Pr. p. 421 et seq.; Wilkinson v. Roper, 74 Ala. 140, 145, 146; Story's Eq. Pl. notes on pp. 373, 374; Abels v. P. & M. Ins. Co., 92 Ala. 382, 386, 387, 9 So. 423; Continental Ins. Co. v. Webb, 54 Ala. 688; Ex parte Jones, 133 Ala. 212, 214, 32 So. 643; 5 Ency. Pl. & Pr. p. 648 et seq.; Coster v.

Georgia Bank, 24 Ala. 37; Paulling v. Creagh, 63 Ala. 398."

No new party was there brought in by the cross-bill, but the decision shows the court was considering the statute, and it seems apparent the above was intended as a clear announcement of the rule to be followed by bench and bar in such cases.

In Smith et al. v. Rhodes et al., 206 Ala. 460, 90 So. 349, a new party was brought in by statutory cross-bill, a demurrer for misjoinder interposed, and the cause considered here on decree overruling demurrers to such cross-bill. In that case the original bill was a statutory bill to quiet title to land. Respondent, in addition to setting forth his claim of title as per statute, by cross-bill alleged that a person not a party to the original bill, acting for the insolvent complainant, was cutting timber off the land, made him a party respondent to the cross-bill, and prayed for an injunction against him to preserve the status of the property, and for an accounting for timber theretofore cut. After holding the cross-bill not multifarious, the court proceeded: "But we do not see that it was improper to bring Wilson Smith into the cause. On the averments of the original and cross-bill he had no connection whatever with the equities of the case. But equity had jurisdiction to enjoin him from cutting timber on the land pending a settlement of the controversy as to its title, and this (22 Cyc. 821), in connection with the principle that equity, having once acquired jurisdiction, will proceed to a settlement of the entire controversy, was enough to justify his joinder as a party defendant to the cross-bill." Smith v. Rhodes, 206 Ala. 462, 90 So. 349, 350.

Again, in Penton v. Brown-Crummer Inv. Co., 222 Ala. 155, 161, 131 So. 14, 18, it was held that a third person, not a party to the original bill, was a necessary party to the cross-bill, that omission of such party was ground of special demurrer for nonjoinder, and added: "This defect in the cross-bill may be cured by proper amendment. Coster's Ex'rs v. Bank of Georgia, 24 Ala. 37; Bell v. McLaughlin, 183 Ala. 548, 62 So. 798."

It is firmly settled in a long line of cases, that although the original bill fail and be dismissed, a statutory cross-bill may be retained and relief be granted thereon " 'where the cross-bill shows grounds for equitable relief for matters growing out of the subject matter of the original bill which may uphold the jurisdiction of the court independent of the original bill.' " Bell v. McLaughlin, 183 Ala. 548, 551, 62 So. 798, 799; Etowah

Mining Co. et al. v. Wills Valley Mining & Mfg. Co., 121 Ala. 672, 25 So. 720; Ex parte Conradi, 210 Ala. 213, and authorities cited page 217, 97 So. 569.

It is apparent that in such case effectual relief would be often cut off if cross-complainant could not bring in necessary parties to that end.

Cases said to be out of harmony with the foregoing on the question of bringing in new parties by statutory cross-bill are Behan et al. v. Friedman et al., 216 Ala. 478, 113 So. 538, and Lamar v. Lincoln Reserve Life Ins. Co., 222 Ala. 60, 131 So. 223.

In Behan et al. v. Friedman et al., supra, the misjoinder was put on the ground that the relief prayed for against Musgrove, the new party brought in by cross-bill, "was foreign to any proper issue that was presented as to title or interest in the lands made the subject of the cross-bill between the parties and as pertinent or germane to the original bill." 216 Ala. 478, 113 So. 538, 539.

Inconsistency between the cross-bill and answer was a further defect on which the decision was based. In course of discussion and review of cases, the opinion seems to emphasize the fact that no new party was brought in by cross-bill. Among these is Smith et al. v. Rhodes, supra. In this there was manifest oversight. As before shown, a new party was introduced by statutory cross-bill in that case, and affirmative relief asked exclusively as to him.

The case of Bell v. McLaughlin, supra, is also mentioned. Its correctness is not questioned, but held without application.

In Lamar v. Lincoln Reserve Life Ins. Co., supra, the matter is discussed at some length. That case seems to treat Behan et al. v. Friedman et al. as authority for the proposition that bringing in a new party by statutory cross-bill is a misjoinder in all cases.

The doctrine of Shields v. Barrow, supra, is quoted from Ex parte Printup, 87 Ala. 148, 6 So. 418. The Printup Case did not involve a cross-bill by a respondent to the original bill, but the right of a third party to intervene and make himself a party to a pending suit. Probably this accounts for not noticing the case of Coster's Ex'rs v. Bank of Georgia et al., supra, dealing directly with cross-bills, and opposed to Shields v. Barrow.

I have no occasion to question the result in Lamar v. Lincoln Reserve Life Ins. Co., supra; but am impressed that the rule declared in Bell v. McLaughlin, 183 Ala. 548, 62 So. 798, sustained by Coster's Ex'rs v. Bank

of Georgia et al., 24 Ala. 37, Smith et al. v. Rhodes et al., 206 Ala. 460, 90 So. 349, and Penton v. Brown-Crummer Inv. Co., 222 Ala. 155, 161, 131 So. 14, which have never been overruled, is the better rule. The great weight of authority elsewhere is to like effect. The statute has been readopted without change since some of these decisions were rendered, and while such construction was unquestioned.

Such rule is in keeping with the great equity maxims such as "equity avoids a multiplicity of suits," "delights to do justice and not by halves," and "having jurisdiction of the subject matter, will proceed to complete relief."

To draw a distinction between a statutory cross-bill and a separate cross-bill filed by a respondent to the original bill at this day would lead to much confusion, and force the abandonment of a practice which the writer conceives to have been well-nigh universal since Bell v. McLaughlin was published.

I adopt and reaffirm what was said in that case as per excerpt above.

In so far as Behan et al. v. Friedman et al., supra, and Lamar v. Lincoln Reserve Life Ins. Co., supra, are in conflict with the other cases above discussed, they should be overruled.

The court erred in sustaining demurrers to the cross-bill as amended, filed by Bell McDuffie Holmes and others, complainants in the original bill, and further erred in sustaining demurrers to the cross-bill as amended, filed by D. H. Morris, Jr., and others, guarantors.

Certain demurrers were filed by Roy E. Garnett, as receiver of the defunct First National Bank of Samson, and the decree sustained such demurrers. The cross-bill makes certain charges that this receiver paid over certain dividends in course of liquidating the bank to the guardian, in violation of the joint control agreement. But the cross-bill, as copied in the record before us, does not make Roy E. Garnett a party respondent, nor pray any special relief against him. But treating him as a party by reason of demurrers filed by him, and the decree thereon, we find nothing in the cross-bill to warrant any relief against him, nor to justify his being made a party.

In my opinion, demurrers filed by Roy E. Garnett, receiver, were well taken, and as to him the decree of the court below should be affirmed; but the demurrers of complainants in the original bill and guarantors brought in by cross-bill were not well taken, and as to them the decree of the court below should be reversed.

I therefore respectfully dissent.

ANDERSON, C. J., and GARDNER, J., concur.