195 So. 880

**HAWKINS v. HOLMAN.**

**4 Div. 147.**

Supreme Court of Alabama.

May 9, 1940.

Speight & Tiller, of Dothan, for appellant.

Martin & Jackson, of Dothan, for appellee.

FOSTER, Justice.

The question presented on this appeal is whether there is error in sustaining demurrer to the cross-bill and dismissing it. It was filed by a respondent against a co-respondent in a bill filed by the heirs of a deceased mortgagor to set aside a foreclosure of a mortgage to said co-respondent, Holman, who afterwards sold and conveyed the land by warranty deed to the cross-complainant, Hawkins; wherein it was sought to charge both of them with the value of the use and occupation of the land, or for rents collected, on an accounting incident to an exercise of the equity of redemption, upon the payment of such sum as the court may ascertain to be justly due under said mortgage; and that if it be ascertained that the full amount has been discharged, and that there is an amount due complainants by them for use and occupation, which is as alleged in the bill, a personal judgment be rendered against one or both of them as they may be severally liable.

The answer of C. A. Hawkins was made a cross-bill, and makes Holman, who is also a respondent in the original bill, cross-respondent. It refers to the deed which Holman made to Hawkins, and sets it out in full showing that it contains general covenants of warranty. It had also been set out as an exhibit to the original bill for the purpose of showing the interest and connection of Hawkins in the object of it, but without reference to the warranty. The cross-bill alleged that the consideration of the deed was $1,600, paid as recited in it: that the covenant of warranty in the deed was breached in that the complainants in this suit owned the fee in the land: that there were other described incumbrances upon it; and from such breach cross-complainant has sustained damage in the sum of $2,500; and that he stands to be held liable to complainants in this suit for use and occupation, and to lose the land in litigation, together with improvements which he has put upon it.

The prayer was for a personal decree against Holman for all damages he has sustained by reason of a breach of the covenant of warranty, and for such other relief to which he is entitled in the premises.

The demurrer was to the cross-bill, and to each paragraph of it. This is but a demurrer to the bill as a whole. The court cited Tutwiler v. Dunlap, 71 Ala.

126, and Lowery v. Rosengrant, 216 Ala. 364, 113 So. 237, as holding that such a cross-bill cannot be maintained, and sustained demurrer to it, and dismissed it out of court. This is the decree which appellant assigns as error.

But we think that this case is distinguishable from those, and is rather controlled by a principle declared in Davis v. Cook, 65 Ala. 617. This distinction was noted by Justice Sayre, the writer of the opinion in Lowery v. Rosengrant, supra. The two cases cited by the trial court, as well as Behan v. Friedman, 216 Ala. 478, 113 So. 538, are authority to the proposition that if the relief sought in the cross-bill, properly analyzed, is merely to obtain redress from one not liable to complainant, for possible damage which may be decreed in the main suit against cross-complainant, it would not be germane to the main purpose of it. Maryland Casualty Co. v. Holmes, 230 Ala. 332, 160 So. 768; Fidelity & Deposit Co. of Maryland v. Wilkinson, 230 Ala. 586(3), 162 So. 666.

But it was said in Lowery v. Rosengrant, supra, on the authority of Davis v. Cook, supra: "If complainant in his original bill showed a right to relief against both defendants in that bill, and yet, as between the defendants, there existed priorities of burden and liability, which, to employ again the language of Stone, J., in Davis v. Cook, supra, 'while they do not gainsay complainant's common right, yet show that one defendant * * * must be first exhausted, before the other can be called on to pay,' * * * there would be equity in the cross-bill."

The allegations of the cross-bill show that Holman, under his warranty, is due to hold Hawkins harmless on account of the claim of the complainants against them jointly and severally. Thereby Holman is primarily debtor to complainants, in his relations with Hawkins, and as between themselves is as a principal, and Hawkins is as a surety to the complainants. When so, the surety may sustain an equitable right and remedy to compel the principal to discharge the obligation and relieve him of liability. Thomas v. St. Paul's M. E. Church, 86 Ala. 138, 141, 5 So. 508, 509; Tillis v. Folmar, 145 Ala. 176, 39 So. 913, 117 Am.St.Rep. 31, 8 Ann.Cas. 78; West Huntsville Cotton Mills Co. v. Alter, 164 Ala. 305, 51 So. 338; Segall v. Loeb, 218 Ala. 433, 118 So. 633; City of Carbon Hill

v. Merchants Bank & Trust Co., 237 Ala. 55, 185 So. 387.

The cross-bill is not specific in its prayer for such relief, but it is within the general prayer, and the right in equity either by cross-bill in such a case as this, or an original bill, is clear.

In decreeing that right, all other relief either legal or equitable growing out of a breach of the warranty would be properly included. Equity will therefore settle the whole claim for an alleged breach of the warranty in one suit which properly invokes its powers by reason of such breach.

The cross-bill shows that by virtue of the covenant of warranty there exist priorities of burden between these two respondents in the original suit as to their respective duties to each other in discharging a common liability to complainants. Such a situation is germane to the enforcement of the claim of complainants against them.

Another theory on which relief could be had in favor of cross-complainant is that on an offer to pay to complainants whatever sum the court in this case may find is due them, if anything under their bill for which cross-complainant may be found liable, an effort be made with a prayer to be subrogated to the right of complainants to enforce such claim against Holman, upon a showing that under his warranty Holman is primarily liable as respects cross-complainant. This is the theory on which the cross-bill was upheld in Crews v. United States F. & G. Co., 237 Ala. 14, 185 So. 370. It is no more than obtaining the same result by a different equitable theory, and that is not at all unusual. It is not material what language is used in the cross-bill to invoke an equitable right, when the facts alleged show the existence of such a right with a prayer sufficient to that end.

We are not here discussing the question of whether there may be some possible defect in the allegations of fact, since such is not here pressed upon us. But we think the court was in error in dismissing the cross-bill as not being germane to the original bill.

Reversed and remanded.

GARDNER, C. J., and THOMAS and BOULDIN, JJ., concur.