34 So.2d 497

PROPST v. BROWN et al.

6 Div. 670.

Supreme Court of Alabama.

Feb. 26, 1948.

R. G. Redden and Young & Young, all of Vernon, for appellant.

Patton & Patton, of Carrollton, for appellees.

SIMPSON, Justice.

Appeal from interlocutory decree overruling demurrer to cross-bill.

284

The issue raised by the original bill as amended was the right and power of the managing authorities of the town of Kennedy, Alabama, to sell and convey to a private individual, one Richards, a party defendant to the suit, a portion of a public park of the town, alleged to have been dedicated by the original owner to, and used by, the public as such. The appellant, as a citizen and taxpayer, instituted the litigation to enjoin this disposition of the property and to have the deed conveying it to Richards cancelled.

The answer and cross-bill to which the demurrer was overruled, if we have correctly appraised its import, in addition to traversing the facts averred in the original bill, sought, by way of relief, to have the court decree with reference to property other than the particular property described in the original bill and prayed for an adjudication that none of the lands described in the cross-bill, which presumably embraced the lot designated in the original bill, had been dedicated to public use and that the town authorities were empowered and authorized to dispose of any and all of said lands.

Clearly the cross-bill insofar as it merely controverted the facts alleged in the original bill or sought to raise the question of the right to relief, issuable under the allegations of the original bill, was without equity, since complete relief was obtainable under the original bill. Thurlow v. Berry, 247 Ala. 631, 638(12), 25 So.2d 726; Wood v. Amos, 236 Ala. 477, 183 So. 639; Becker Roofing Co. v. Meharg, 223 Ala. 163, 134 So. 864; Emens v. Stephens, 233 Ala. 295 (1), 172 So. 95; 8 Ala.Dig., Equity, ⚖196, p. 517.

The cross-bill was equally without equity and subject to the general demurrer if it brought in for adjudication matter not germane to the original bill. Riley v. Wilkinson, 247 Ala. 231, 23 So.2d 582.

We note the following as an apposite statement of the principle in the case of Lowery v. Rosengrant, 216 Ala. 364, 365, 113 So. 237: "A cross-bill is defensive in its nature and purpose. If its purpose be not to defeat a recovery by the original complainant in whole or part, or in some respect to modify the relief sought by the original bill, it is not germane to the original bill. Tutwiler v. Dunlap, 71 Ala. 126, and cases there cited; Tribble v. Wood, 186 Ala. 329, 65 So. 73."

Statutory cross-bills are now the subject of Equity Rule 26, which, as here pertinent, provides: "A defendant may obtain relief against a party plaintiff or defendant *for any cause connected with or growing out of the bill,* by alleging in his answer, and as a part thereof, the facts upon which such relief is prayed. The matters or facts thus alleged must be considered in the nature of a cross-bill and be heard at the same time as the original bill." Code 1940, Title 7, Appendix, pp. 1065–1066. (Emphasis supplied)

It is quite manifest that the cross-bill cannot be sustained against the original plaintiff. His suit was rested on his right as a citizen and taxpayer to prevent the disposition of public property of the municipality and he is in no wise interested in any other property than that about which he has sought equitable intervention. It is no concern of his as to, nor can he be made to defend against, the claim of the municipality as to its power and authority to dispose of such other property. It is equally clear that defendant Richards, one of the plaintiffs in the cross-bill, is not interested in any property other than that described in the original bill nor can he litigate the issue as regards the other town property with the original plaintiff. Full relief as regards the litigable issue is obtainable under the original bill and as the cross-bill seeks to bring in other property not within the issue of—not litigably connected with or a proper cause growing out of—the original bill, it is not germane thereto, does not bring the controversy within the rule, and is, therefore, without equity. Boyd v. Presley, 244 Ala. 16, 12 So.2d 85; Lowery v. Rosengrant, supra.

It is true, as argued by able counsel for appellees, that equity, having acquired jurisdiction, will do full and complete justice between the parties and adjust the several equities incident to the litigation, but the right to have equity so to intervene under a cross-bill must subsist by reason of

the fact that the equities grow out of or are connected with the subject matter brought before the court in the original bill, which is not the case presented by the instant cross-bill. Emens v. Stephens, supra, 233 Ala. p. 296(5), 172 So. 95, and cases cited.

We should perhaps also take note of the argument of counsel that the appeal should not be entertained because of noncompliance by appellant with Supreme Court Practice Rule 10, Code 1940, Tit. 7, Appendix, requiring that the brief and argument concisely point out the errors relied on, with citation of authority in support thereof. While we cannot commend the brief of appellant as a model of perspicuity in conformance with the requisites of this practice rule, the court has not rigorously applied the rule where, as here, there is brief and argument pointing out with reasonable conciseness the position of error relied upon. Brothers v. Brothers, 208 Ala. 258, 94 So. 175.

In the view we take, that the cross-bill was without equity and subject to the demurrer interposed, the decree of the trial court must be reversed.

Reversed and remanded.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.